Lowell CROCHRELL, Petitioner,

v.

Hon. Fredrick WARREN, Judge, Campbell Circuit Court, Respondent.

Court of Appeals of Kentucky.

Oct. 23, 1964.

Lowell Crochrell, pro se.

Robert Matthews, Atty. Gen., for respondent.

MOREMEN, Judge.

Lowell Crochrell, a prisoner in the state penitentiary, has petitioned this Court for a writ of mandamus to require the Campbell Circuit Court to act upon a petition filed by him in that court under RCr 11.42. He alleges that on May 20, 1964, he filed a motion to vacate judgment of conviction entered in the 1957 September term of that court. On July 10, 1964, the Commonwealth's Attorney for the Campbell Circuit Court filed answer and moved that the court dismiss his motion to vacate judgment. He filed a response to the answer. He states that since that time the court has failed to act. Petitioner further alleges:

"Petitioner is positively innocent of the crime he is convicted, and can, and was verified by doctors statements, plus numerous other facts, and testimony, and by the Court's refusal, to allow petitioner to prosecute his claim, would tend to show petitioner is illegally confined, and refuses to correct the aforesaid judgment. This is denial of due process of law, and substantial rights as a citizen of the United States."

Petitioner prays that a writ of mandamus be issued requiring the Campbell Circuit Court to appoint competent counsel and to grant petitioner a hearing upon the facts.

The Hon. Fredrick Warren, Judge of the Campbell Circuit Court, has filed a response wherein it was set out that in April 1962, petitioner filed his first motion to vacate judgment, accompanied by an affidavit of indigency and inability to retain counsel. On June 26, 1962, the Campbell Circuit Court, Hon. Ray L. Murphy, Judge, presiding, ordered the defendant to appear in open court and be heard, and simultaneously therewith appointed Hon. Raymond Wiethorn to act as his counsel. On July 2, 1962, Crochrell appeared in court with counsel and a hearing was had on his motion. The motion was overruled. On July 5, 1963, petitioner filed a second motion to vacate judgment which, after consideration, was overruled by the court. In July 1964, petitioner's third motion to vacate was filed. The Commonwealth's Attorney was directed to investigate the matter. He recommended that the motion be denied and, on October 1, 1964, judgment was entered accordingly.

The writ of mandamus should not issue because the court has acted upon petitioner's motion.

In view of the fact that petitioner is acting pro se in this case we deem it advisable to point out that in Baker v. Davis, Warden, Ky., 383 S.W.2d 125, decided October 9, 1964, this Court adopted the rule laid down by the Supreme Court of the United States and there denied, under the circumstances stated, an application for a subsequent petition for a writ of habeas corpus after a prior application had been heard and denied. See also Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. We adopt the same rule in connection with proceedings under RCr 11.42.

Finally, we wish to suggest that in Tipton v. Commonwealth, Ky., 376 S.W.2d 290, the majority of the Court were of opinion that the provisions of RCr 11.42 may be invoked only where there has been a violation of a constitutional right, a lack of jurisdiction or such violation of a statute

:as to make the judgment void and therefore subject to collateral attack.

The petitioner in this case has failed to allege any fact which would bring it under the above pronouncement.

The petition for writ of mandamus is denied and the petition is dismissed.