### James HOBBS, Petitioner,

v.

### Robert B. STIVERS, Judge, Knox Circuit Court, Respondent.

Court of Appeals of Kentucky.

Dec. 11, 1964.

James Hobbs, pro se.

PALMORE, Judge.

James Hobbs, a prisoner in the state penitentiary at Eddyville, petitions for a writ of mandamus directing the judge of the Knox Circuit Court to pass on his RCr 11.42 motion to vacate a judgment of that court sentencing him to life imprisonment pursuant to a guilty plea on a murder charge. KRS 435.010.

The petition, filed on November 4, 1964, states that the motion was mailed to the circuit court clerk on or about September 16, 1964. The respondent was promptly notified of this proceeding but has not responded. Hence we take the allegations of the petition as true.

Ordinarily, mandamus would issue on the basis of the circuit judge's failure to act on the motion as directed by RCr 11.42. Cf. Benson v. Iler, Ky., 371 S.W.2d 15 (1963). However, it is an extraordinary remedy, and we are of the opinion that it should not be invoked in this case because the petition discloses on its face that ultimately the relief sought would prove fruitless. It says that the basis of the RCr 11.42 motion is that following petitioner's plea of guilty the court proceeded to sentence him to life imprisonment without the interven-

tion of a jury. RCr 9.84(2), which was adapted from and supersedes provisions formerly contained in Crim.Code § 258 and KRS 431.130, permits the penalty to be fixed by the court after a guilty plea "except in cases involving offenses punishable by death." It is, therefore, an error for the court to pre-empt that function in a murder case, but the error is not of constitutional proportions and does not invalidate the judgment. Williams v. Jones, Ky., 338 S.W.2d 693 (1960).

RCr 11.42 provides relief only when the judgment is subject to collateral attack—that is, void. Tipton v. Commonwealth, Ky., 376 S.W.2d 290 (1964). Should we direct the respondent to pass on petitioner's motion it would be incumbent on him to overrule it. Petitioner's only recourse then would be an appeal to this court. To obviate such useless circuity of motion it is preferable that we say now what would eventually have to be said anyway. In so doing, however, we do not condone the respondent's failure to act on the motion or to explain the alleged nonaction by appropriate response in this proceeding.

Mandamus denied.