**Charles WARNER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1964.

Edwin A. Monroe, Jr., Falmouth, for appellant.

Robert Matthews, Atty. Gen., and George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant seeks reversal of the judgment denying his RCr 11.42 motion to vacate a prior conviction. In 1948 appellant was convicted of rape by judgment of the Pendleton Circuit Court; pursuant to the jury's verdict at that trial, he was sentenced to imprisonment for life. Acting *pro se,* appellant filed his motion to vacate on September 3, 1963. The trial court appointed counsel for appellant and conducted a hearing, at the conclusion of which the court made findings of fact and conclusions of law. Judgment denying the motion was entered in accordance with the findings and legal conclusions.

Appellant presented six grounds which he conceived to be adequate to entitle him to

the relief sought; the grounds are: (1) failure to prove venue at the rape trial; (2) inflamed public opinion against appellant precluded a fair trial; (3) "during the course of the trial, the testimony of the witnesses was so conflicting that it was impossible to make any relevant statements as to what they did or did not testify"; (4) the trial judge committed error when he asked appellant's counsel, within hearing of the jury, whether he had objection to the separation of the jury; (5) the sheriff illegally entered the jury room during the jury's deliberations; and (6) the appellant was denied the right to an appeal from the rape judgment.

We have said that RCr 11.42 does not authorize relief from a judgment of conviction for errors upon the trial unless it is shown that there was a violation of a constitutional right, a lack of jurisdiction, or such violation of a statute as to make the judgment void and subject to collateral attack. Tipton v. Commonwealth, Ky., 376 S.W.2d 290. We adhere to the principles enunciated in Tipton, supra.

The same authority (Tipton, supra) specifically holds that a judgment of conviction is not subject to collateral attack under RCr 11.42 for insufficiency of proof of venue. Moreover, in the case before us, there is an utter lack of showing that there was a failure to properly prove venue. The trial court's finding is that there was no such failure, and the finding is abundantly supported by the evidence.

We recognize that there could be a situation wherein the public sentiment against an accused is so fervent as to make it impossible for him to have a fair trial in such an atmosphere. When the rape trial was had, in 1948, procedure for change of venue was provided by KRS 452.210 through 452.340 (published also as Chapter X, Article 3, Criminal Code of Practice). The same statutory provisions continue in force. Moreover, Section 194 of then effective Criminal Code of Practice specified procedure for obtaining jurors from an adjoining county when it appeared impracticable to obtain an unbiased jury in the county wherein the prosecution was pending. (Cf. present RCr 9.33 and KRS 29.-262). See Bennett v. Com., Ky., 309 S.W. 2d 183, and cases there discussed, for an exegesis of Kentucky practice under Cr. Code, Sec. 194.

However, in the case at bar, there is no showing that any effort was made by appellant, or his personally retained counsel, to obtain a change of venue or to have jurors summoned from an adjoining county. Of greater import, however, is the testimony at the 11.42 hearing—including evidence offered in behalf of the appellant—that at the time of the rape trial, there was no inflammatory feeling against appellant. This factual situation was attested by the testimony of the editor of the local newspaper, the only members of the jury who testified at the 11.42 hearing (five), and was not refuted by any evidence of substance for appellant. The trial judge found as fact that there was no such inflammatory feeling against appellant at the time of the rape trial. This finding is overwhelmingly supported by the evidence. We are not to be understood as necessarily holding that this ground can be raised by motion under RCr 11.42, since we need not decide that question.

The trial judge refused to admit any testimony relating to appellant's assertion that the testimony was so conflicting at the rape trial that no relevant statement could be made as to what the evidence was. This ruling was correct. Administration of criminal law would be utterly frustrated if post-conviction procedures such as RCr 11.42 could be made the basis for a retrial of conflicting evidence. Trial by jury would have no meaning if the present assault on the jury's verdict could be accepted.

The fourth ground advanced by appellant has to do with his claim that the trial judge made inquiry of appellant's

counsel whether the counsel would consent to the jury's separation during the noon recess of court. We agree that Anderson v. Commonwealth, 302 Ky. 275, 194 S.W.2d 530, stands for the proposition that it is reversible error for a trial judge to ask defendant's counsel, in the jury's hearing, whether counsel will consent to separation of the jury in the trial of a capital case (or a trial wherein life imprisonment may be imposed). Cf. presently applicable RCr 9.66 which substantially embodies Cr.Code Sec. 244, applicable when the rape trial was had. However, we are unable to say that such an error is of that gravity which would render the judgment void. We are unaware of any constitutional right which would have been denied the defendant under such a circumstance. Thus, if any such error had occurred, it would not be available under RCr 11.42. Moreover, the trial judge on the 11.42 hearing found as fact, abundantly supported by the great preponderance of the evidence, that the alleged incident did not occur.

▉▉ Evidence was heard as to whether the sheriff entered the jury room during the jury's consideration of its verdict. Except for the bald statement of appellant himself, there is a complete absence of any evidentiary support for the claimed irregularity. The five jurors who participated in the rape trial verdict could not recall any such occurrence; neither could the appellant's father, although he was present and quite interested in the trial. The father merely said that the sheriff opened the jury room door—but not that he entered the room. No hint of any impropriety or jury tampering is made. The trial court's finding of fact that the incident did not occur is clearly correct and fully supported by the evidence. Neither do we regard this claim as one which could be raised in a proceeding under RCr 11.42, absent some other showing which could be said to be a denial of due process.

▉▉ The final attack on the judgment of conviction is the assertion that appellant

was denied a right of appeal from the conviction. The simple answer to this contention lies in the fact that there was never any effort to appeal. Appellant's father testified that in conference with appellant's chief attorney (the attorney was deceased at the time of the 11.42 hearing) it was agreed that an appeal would be inadvisable. The fact that appellant, if successful on appeal, might ultimately receive a death sentence was a moving consideration in the conclusion not to appeal. Appellant asserts that he did not fully participate in these determinations as to whether to appeal, but the record fairly warrants the conclusion that he gave full accord to the determination not to appeal.

The proceedings of the rape trial were stenographically reported. However, since no appeal was taken, there was never any request for a transcription of the reporter's shorthand notes. By a letter under date May 25, 1962, appellant asked the Pendleton Circuit Court Clerk for a transcript of the testimony. The clerk promptly notified him that there was no transcript and that the name and whereabouts of the reporter were unknown to the clerk, and not contained in the record. He now contents himself with claiming that he was "denied" the right to an appeal, when the record plainly shows that he failed to avail himself of the appeal procedure readily open to him. Appellant was represented at the rape trial by two capable attorneys of high professional standing. He does not charge that he was inadequately represented, nor could he. We conclude that the court's finding with respect to this claimed error is obviously correct. Appellant has not been denied the right to an appeal—he has slumbered on his right to an appeal for at least fourteen years. The claimed denial of appeal—under the circumstances here presented—is not a basis for attack of the rape judgment under RCr 11.42.

We observe that appellant has been furnished counsel on the 11.42 hearing and on this appeal. Counsel has diligently presented the appellant's contentions. A com-

plete stenographic report of the 11.42 hearing has been provided to appellant, *in forma pauperis.* We conclude that appellant has failed to adduce any ground entitling him to relief under RCr 11.42.

The judgment is affirmed.