**Francis LANGDON, Appellant,**

**v.**

**Luther THOMAS, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

As Modified Jan. 29, 1965.

———◆———

Francis Langdon, pro se.

Robert F. Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Francis Langdon appeals from a judgment by which his petition for habeas corpus was dismissed. Langdon was convicted of armed robbery in 1952. He now contends that the judgment is void because the indictment charged armed robbery committed on James Lyles and that he was tried for an offense committed on Arthur Jones.

The indictment, No. 96120, charged Francis Langdon and others with the armed robbery of James Lyles. No mention is made of Arthur Jones. Certified copies of the indictment and the instructions are the only parts of the Jefferson Circuit Court prosecution in the record here. The complained of instruction referred to elements of the offense of armed robbery committed on Arthur Jones but included the following:

"*  *  * against the will and consent of said Arthur Jones, $82.00 in lawful money of the United States, or any of said money, of any value, the personal property of James Lyle (sic), then in the legal possession of Arthur Jones, *  *  *."

The petitioner must establish by the record of his trial that he is entitled to relief by habeas corpus. Brown v. Hoblitzell, Ky., 307 S.W.2d 739. No question is presented concerning the jurisdiction of Jefferson Circuit Court over the subject matter and the person involved. Underwood v. Jones, Ky., 346 S.W.2d 46. On the record presented here there may have been a reversible error in the instructions but such error must be raised by appeal and is not reviewable by the habeas corpus process. Pryor v. Thomas, Ky., 361 S.W.2d 279, cert. den. 372 U.S. 922, 83 S.Ct. 739, 9 L.Ed.2d 727; Nolan v. Thomas, Ky., 370 S.W.2d 825. The petitioner has failed to show that his judgment of conviction is void.

The habeas corpus petition was apparently dismissed on the theory that petitioner's remedy was by RCr 11.42 under Ayers v. Davis, Ky., 377 S.W.2d 154; dissenting opinion, 377 S.W.2d 878. The merits of the habeas corpus petition have been reviewed here in order to eliminate the circuity of action that would be involved in requiring the petitioner to resort without hope of success to RCr 11.42 to present the same question now before the Court. Cf Hobbs v. Stivers, Ky., 385 S.W.2d 76 (decided December 11, 1964). The grounds set forth in the petition are not sufficient to justify relief from the judgment by habeas corpus or under RCr 11.42.

Judgment affirmed.