**George KING, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1965.

George King, Jr., pro se.

Robert Matthews, Atty. Gen., Frankfort, Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

In April 1962, George King, Jr. was convicted of voluntary manslaughter and sentenced to imprisonment for twenty-one years. He did not prosecute an appeal. In 1963, he filed a motion to vacate the judgment under RCr 11.42. He did not perfect an appeal from the order overruling that motion. In 1964, he filed a second motion to vacate the judgment and this motion also was overruled. He has appealed from that judgment.

In the motion filed in the circuit court appellant set forth three grounds which he insisted were sufficient reasons to vacate the original judgment of conviction. They were: (1) that counsel was incompetent and failed to protect his substantial rights as guaranteed by the Constitution of the United States and of the Commonwealth

of Kentucky. He averred that his counsel "refused to accept the movant's requests and suggestions during the presentation of the defense and during the trial by refusing to enter timely objections to preserve the errors of the Court; by the refusal to call witnesses to testify in behalf of the movant; by withdrawing immediately after the verdict was returned; by failing to advise the movant of his rights to a motion for a new trial; the right to appeal, etc. and further refused to put the actual facts before the Court, showing that the movant had no other choice but to inflict bodily harm by shooting the deceased as he the movant had been cut and severely injured by the deceased, and ran the movant to his car, trying to kill the movant, thus the movant was forced to shoot the deceased to save his own life; these facts and evidence were denied to the movant by counsel refusing to put them forth." (2) That the trial court erred in asking appellant and his counsel, in the presence of the jury, if they would agree to the separation of the jury. (3) He alleged "Denial of due process of the law, and equal protection when the trial court denied the movant access to the trial transcript of his records; by denying him the right to a hearing on his motion to vacate judgment that was denied November 21, 1963. The U. S. Supreme Court recently ruled a hearing on RCr 11.42 was mandatory, movant was further denied due process of law when he was denied the right to appeal to the Court of Appeals under RCr 12.52. This notice of appeal was duly mailed on November 23, 1963, and received November 29, 1963, and upon December 4, 1963, movant inquired if he had been granted the right to appeal to which he received Notice on December 9, 1963 that his Notice of Appeal had been overruled by the Fayette Circuit Clerk."

Since January 1, 1963, when RCr 11.42 became effective, the Circuit Courts and this Court have received a great many cases in which inmates of the penitentiary have sought to have set aside the judgments under which they were convicted. A major portion of these cases were brought under misapprehension of the purpose and nature of the remedy offered by the new rule and we believe a detailed discussion may be of some value.

RCr 11.42 is patterned very closely to the federal rule as embodied in 28 U.S.Code, § 2255, and federal courts, after its adoption, experienced the same spate of improperly conceived complaints that we have. The Hon. Alexander Holtzoff, Judge of the United States District Court, District of Columbia, in an elaborate and well documented opinion (United States v. Edwards, D.C., 152 F.Supp. 179, Affirmed, 103 U.S. App.D.C. 152, 256 F.2d 707, Certiorari denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958)), pointed out that § 2255 of Title 28 of the U. S. Code was enacted at the suggestion of the Judicial Conference of the United States in order to correct evils which had developed from the fact that petitions for writs of habeas corpus were flooding the various courts of the United States and that, although many of the petitions proved entirely lacking in merit, each one of them required careful consideration, thus imposing an unbelievably heavy burden on the district judges. That, however, was not the important reason. The opinion said this:

"What was much more important, this unforeseen development led to the strange outcome of one district judge passing upon the validity of proceedings before another district judge, sometimes located at a distant point, on evidence dehors the record. One Court of Appeals characterized this practice as 'unseemly'. There was a still worse feature lurking in this procedure. Since evidence dehors the record was taken at the hearing, the trial judge at times became a witness, either by deposition or otherwise. Thus an intolerable situation developed of having the testimony of the trial judge and the word of a convicted felon pitted

against each other. This result was manifestly incompatible with the dignity of the Federal judiciary and did not enhance respect for the courts on the part of evildoers. Thus, the great writ of habeas corpus became temporarily distorted to that extent and its use was deflected from its historic lofty objective for the time being."

The opinion points out that § 2255 does not broaden the right of attack or enlarge the scope of review theretofore permitted by habeas corpus, that the motion is not a substitute for appeal or for a motion for a new trial and does not permit a review of alleged errors at the trial, and may be invoked only in situations in which a writ of habeas corpus had been previously the appropriate remedy. This Court has adopted the same rule. (See Tipton v. Commonwealth, Ky., 376 S.W.2d 290; Crockrell v. Warren, Judge, Ky., 383 S.W.2d 377.) The opinion in the Edwards case, while not attempting to be exhaustive, sets forth certain types of contention which may not be entertained or considered on a motion under § 2255. Each item was documented by other federal cases. They were:

"That the evidence at the trial was insufficient to justify a conviction;

"That the Government knowingly used perjured testimony, unless this allegation is supported by particulars showing the alleged perjury in detail, and the sources of the Government's alleged knowledge;

"That although the defendant pleaded guilty, he was in fact not guilty;

"That although the defendant was represented by counsel, he entered his plea of guilty under a misapprehension;

"That the indictment was insufficient or defective;

"That a confession admitted at the trial had been obtained as a result of an illegal detention;

"That there were errors in rulings on admissibility of evidence at the trial;

"That there were errors in the court's instructions to the jury;

"That the defendant was illegally arrested;

"That evidence introduced at the trial was obtained by an unlawful search and seizure in violation of the Fourth Amendment;

"That the defendant was illegally entrapped into committing the offense;

"That newly discovered evidence may establish the defendant's innocence;

"That a motion for a judgment of acquittal was erroneously denied;

"That the prosecuting attorney used extreme and intemperate language in his argument to the jury;

"That prejudicial publicity preceded or surrounded the trial;

"That contrary to the defendant's instructions his counsel failed to appeal from the judgment of conviction;

"That the defendant was insane at the time the crime was committed."

We will not attempt in like manner to set out various cases where it was held that a motion under RCr 11.42 would not be entertained, but a few of our recent cases where the application of RCr 11.42 was held to be inappropriate are:

Nichols v. Thomas, Ky., 382 S.W. 2d 871. That the foreman of the grand jury did not sign the indictment;

Crochrell v. Warren, Ky., 383 S.W. 2d 377. That the circuit court had overruled a similar motion under RCr 11.42;

Perkins v. Commonwealth, Ky., 383 S.W.2d 916. That evidence had been newly discovered;

Hobbs v. Stivers, Ky., 385 S.W.2d 76. That the court sentenced defendant, without jury, to life imprisonment upon his guilty plea of murder.

Warner v. Commonwealth, Ky., 385 S.W.2d 77. That there were defects in the indictment;

Warner v. Commonwealth, Ky., 385 S.W.2d 62; That the court had requested defense counsel within hearing of jury whether he had objection to separation of the jury.

Warner v. Commonwealth, 385 S.W.2d 62. That there was an insufficiency of proof of venue.

Langdon v. Thomas, Ky., 384 S.W.2d 508. That the instructions were erroneous.

When we return to the facts and the decision in the instant case and consideration of appellant's first contention, we find that the record does not disclose that defense counsel was appointed by the court; on the other hand, it is asserted in appellant's brief that counsel who represented him at his trial was paid for his services which indicates that the counsel was chosen by appellant; in any event, lacking positive allegation, it is fair to make such an assumption.

Returning again to the federal cases, we find that in Simeone v. Humphrey, D.C., 114 F.Supp. 573, it was said: "No constitutional question is involved in his allegation of incompetency of counsel since such counsel was employed by him." The question of self-employed counsel was thoroughly discussed in United States ex rel. Darcy v. Handy, Warden, et al., 3 Cir., 203 F.2d 407, where it was said:

"There is, however, as Judge Huxman pointed out in Hudspeth, Warden v. McDonald, 10 Cir., 1941, 120 F.2d 962, 968, 'a vast difference between lacking the effective assistance of competent counsel and being denied the right to have the effective assistance of competent counsel.' It is the latter only for which the state is responsible, the former being normally the sole responsibility of the defendant who selected his counsel. And so where, as in the case now before us, a defendant in a criminal case has retained counsel of his own choice to represent him it is settled by an overwhelming weight of authority that the commission by his counsel of what may retrospectively appear to be errors of judgment in the conduct of the defense does not constitute a denial of due process chargeable to the state."

We find nothing in the allegations made by appellant that indicates the circumstances of the representation were such as to shock the conscience of the court and to render the proceedings a farce and a mockery of justice. Rice v. Davis, Ky., 366 S.W.2d 153; Rivera v. United States, 318 F.2d 606 (9th Cir.). The allegations seem to indicate that the supposed incompetent representation was largely the result of counsel's failure to follow the suggestions of appellant. However, as we have indicated, appellant has failed to show that counsel was appointed by the court and under the cases cited, he is now estopped to complain.

Appellant's next contention, that the judgment should be vacated because the court asked him, in the presence of the jury, whether he objected to a separation of the jury, was answered in Warner v. Commonwealth, Ky., 385 S.W.2d 62, adversely.

On this appeal, appellant finally complains that upon a former motion to vacate judgment under RCr 11.42, overruled November 21, 1963, he was denied the right to appeal to the Court of Appeals. The circuit court found that the record does not disclose that he filed a notice of appeal in that case; neither did the clerk of the court attempt to overrule it. A motion under RCr 11.42 will not lie when

statements alleged therein are contradicted by the record.

We are of opinion that the motion to vacate filed in this case did not state sufficient cause for granting a hearing or relief under RCr 11.42.

Judgment affirmed.