William LEE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 5, 1965.

Rehearing Denied May 7, 1965.

Val A. House, Jr., Scottsville, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyon, Asst. Atty. Gen., Frankfort, David Martin, Commonwealth's Atty., Franklin, for appellee.

DAVIS, Commissioner.

The appellant, William Lee, was convicted on a count of dwelling house breaking (KRS 433.180) and two counts of storehouse breaking (KRS 433.190) pursuant to a jury trial at which all three counts were tried. The indictment had charged Lee (along with Howard Davis) of all three of the counts. An effort to appeal from the judgment of conviction was made, but in the brief for appellant that effort is specifically abandoned. It appears that the appeal was not timely, and that may well be the reason for its being abandoned, although we are not so informed by appellant. The present appeal is from an order of the convicting court overruling appellant's motion to vacate the judgment pursuant to RCr 11.42. Appellant was afforded a hearing on his 11.42 motion, at which he was represented by his present counsel, appointed by the court, and not the same counsel he had at the trial.

The appellant presents assignments of error which he has catalogued in five headings, although some of them embrace more than one claimed error: (1) Lee was represented by counsel hostile to him, and it was error for the Commonwealth's Attorney to converse with the jury; (2) the evidence did not support the conviction, and it was error not to call as the first witness the officer who obtained the warrant of arrest; (3) Lee was denied a fair trial because he was tried jointly with Davis, and by not having other counsel than that appointed for Davis; (4) Lee had no counsel prior to arraignment; (5) evidence was admitted which was obtained by illegal search.

Each of the errors upon which the appellant relies is an alleged trial error susceptible to appellate review. None of them rises to the dignity which could characterize it as a denial of due process. Under those circumstances the matters presented are not appropriate bases for relief under RCr 11.42. Warner v. Commonwealth, Ky., 385 S.W.2d 62. It is

observed that the trial court found, on ample evidence, that there was no validity to appellant's claim that his court-appointed counsel exhibited hostility toward him; neither was there even a scintilla of evidence reflecting that the Commonwealth's Attorney had talked with any member of the trial jury in an improper manner. Our decision in King v. Commonwealth, Ky., 387 S.W.2d 582 (decided February 26, 1965) is completely dispositive of the present case. See also Collier v. Com., Ky., 387 S.W.2d 858, decided March 5, 1965.

The judgment is affirmed.