**296**

Robert **ILES**, Appellant,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1966.

Robert Iles, pro se.

Robert Matthews, Atty. Gen., Walter C. Herdman, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant, Robert Iles, appeals in forma pauperis from a judgment overruling without a hearing his motion to vacate judgment under RCr 11.42.

The motion to vacate charges appellant's constitutional rights were violated when the trial court allowed the jury to separate during his trial which lasted three days, and because he was denied effective assistance of counsel. (He selected and paid his attorney.)

 The record discloses the trial judge conferred with counsel for both plaintiff and defendant on the question of guarding the jury. It was waived as RCr 9.66 provides for. There is no allegation of tampering with the jury. The right to have a jury guarded in capital cases is one that can be waived. Appellant will not be heard now to complain of a proceeding to which he voluntarily consented. Had there been an irregularity during his trial pertaining to guarding the jury (although there is no allegation there was), such irregularity was one he was required to raise by appeal under the rule announced in King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

 Finally, appellant contends he was denied effective assistance of counsel, and his constitutional rights were thereby violated. He complains that his employed counsel did not prosecute an appeal and did not advise him of his right to have the jury guarded.

The judgment of conviction was entered January 22, 1965, and timely motion and grounds for a new trial were filed. It was not until April 19, 1965, that counsel for appellant withdrew from the case, after

filing proper motion to be allowed to do so. Notice of the motion was furnished appellant. No steps were taken to hire another attorney or to request the appointment of one, in the event he had become a pauper by that time. He slept on his right to appeal. Cf. Whack v. Commonwealth, Ky., 390 S.W.2d 161 (1965).

The judgment is affirmed.