**Miles Buck THORNSBERRY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

Miles Buck Thornsberry, pro se.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This is an appeal from a 1965 judgment in an RCr 11.42 action refusing to vacate a 1958 judgment of conviction for murder. The appellant charges that his counsel refused to call certain witnesses to testify in his behalf at the murder trial and that his conviction was obtained through the known perjured testimony of one Clawson Gibson, Jr. The Commonwealth denied the charges.

The trial court found that the appellant was represented at his murder trial by a former Commonwealth's Attorney of the Circuit who was known to be a competent lawyer; that two witnesses other than Gibson testified to the effect that the appellant was guilty of the murder charge; that the trial for murder had been transferred from Knott County, where the killing occurred, to Perry County, when it was

alleged a fair trial could not be had in Knott County on the charge; that the appellant had waived the three-day waiting period before imposition of the sentence which indicated the appellant was satisfied at the time that he had had a fair trial; and that no appeal was taken from his conviction.

■ On the RCr 11.42 hearing the trial court appointed counsel for the appellant, but refused to grant his request to be brought from prison to be present at the hearing on his RCr 11.42 motion. The record sustains the judgment of the trial court, for there is no indication in what way Clawson Gibson's testimony affected the appellant at the murder trial, nor what Gibson's testimony was. An RCr 11.42 action is no substitute for an appeal, or for a new trial, or for reviewing alleged errors at the trial, and when the record itself contradicts the appellant's assertions as the record does here, it is manifest that the appellant received a fair trial on his murder charge. King v. Commonwealth (1965), Ky., 387 S.W.2d 582, and the cases therein cited.

The judgment is affirmed.