**William CONNERS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 11, 1966.

Williams Conners, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, William Conners, filed a motion to vacate a judgment under RCr 11.42. The motion was overruled by the circuit court and appellant has appealed. The record presented to us is not in order and several required steps have not been taken. We will attempt to piece out appellant's contention from the material before us.

Appellant was convicted of armed robbery and sentenced to life imprisonment. On this appeal he states that he has had a bad mental condition since the age of nine. He was discharged from the United States Air Force for nervous and mental disorders and since that time has undergone psychiatric treatment in several institutions. Before the trial on the charge for which he was convicted he was examined by a doctor who found him to be medically insane, but legally sane. The trial was on October 12, 1962, and he states that on January 7 of the following year he was found to be mentally ill and suffering from schizophrenia. In January 1964, he was committed to the Central Hospital at Anchorage where he was found to be suffering from schizophrenia, given medication and electric shock treatments and returned to the penitentiary May 24, 1964, as cured.

The import of appellant's contention before the circuit court and on this appeal is that at the time he committed the crime, at his trial and subsequent thereto, he was legally insane and therefore his trial and conviction are void. At his trial on the charge of armed robbery the question of his sanity was at issue and the court fully instructed on that point. The jury, by its verdict, found that he was not insane on the date of the crime's commission.

In King v. Commonwealth, Ky., 387 S.W.2d 582, it was stated that a motion under RCr 11.42 was not a substitute for an appeal or a motion for a new trial and in that case we set out a few of the types of contention which would not be considered under that section. Among them were: (a) that the defendant was insane; (b) that the evidence at the trial was insufficient to justify a conviction. Both of these grounds precluded any relief under RCr 11.42.

Judgment affirmed.