Roosevelt BALDWIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 7, 1966.

Roosevelt Baldwin, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Chief Justice.

Appellant is serving a sentence of life imprisonment pursuant to a conviction of armed robbery in the McCracken Circuit Court. He appeals from an order over-ruling an RCr 11.42 motion to vacate.

As the order was entered without a hearing, our review is directed to whether the motion stated grounds that are not con-clusively refuted by the record and which, if proved, would establish a constitutional infirmity sufficient to invalidate the con-viction.

The grounds stated in the motion were:

(1) Movant was "denied the compul-sory process of obtaining witness in his favor."

(2) He was defended by "inadequate and ineffective counsel" in that the attorney (a) failed to advise petitioner "of his con-stitutional rights," (b) failed to object to "the many irregularities during the trial," and (c) "went through the niceties and formalities of the trial and procedures, but failed to adequately defend this petition-er."

(3) A witness for the prosecution was bribed by a promise of leniency in his own case.

(4) The jurors were permitted to sep-arate during the trial, and were seen talking with the Commonwealth's Attorney and to

a deputy sheriff who was hostile to the movant.

(5) The court failed to give an accomplice instruction.

(6) Because of "the publicity given his apprehension via the news media, of radio and the *Paducah Sun Democrat* * * * it was impossible for him to receive a fair and impartial trial."

■ We do not regard grounds (3), (4) and (5) as sufficient to render the conviction void. They are no more than grounds for reversal on appeal or new trial under RCr 10.02.

■ Ground (1) is not sufficient because it does not specify the facts. What witness? Where was the witness? Who denied the process and how did he deny it? If there is any substance to the allegation, the movant surely knows and is able to state this information. His failure to do so justifies the conclusion that the allegation is without substantial basis. Nevertheless, upon remand of this proceeding the motion can be amended.

■ Ground (2) also is insufficiently specific. Ringo v. Commonwealth, Ky., 391 S.W.2d 392 (1965); Lawson v. Commonwealth, Ky., 386 S.W.2d 734 (1965).

■ In view of Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), and Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed. 2d 600 (1966), we are of the opinion that ground (6) is enough to warrant a hearing. Though it is stated generally, the subject matter does not lend itself to specificity of pleading, especially under the authorship of a person in confinement and without reputable counsel. We hardly expect that the movant will be able to prove the existence of publicity comparable with that in *Estes* and *Sheppard,* but neither this court nor the trial court can take judicial notice that it was not enough to have probable effect upon his trial.

The judgment is reversed for further proceedings consistent with this opinion.

MONTGOMERY, J., dissenting.