Paul KIPER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1967.

Rehearing Denied June 16, 1967.

Kenneth H. Goff, Richard E. Moorman, Leitchfield, for appellant.

Robert Matthews, Atty. Gen., Darryl T. Owens, Asst. Atty. Gen., Frankfort, for appellee.

PER CURIAM.

A motion was filed under RCr 11.42 whereby Paul Kiper seeks to vacate his conviction for wilful murder and to gain a new trial. He was found guilty on April 23, 1942. The motion was overruled.

On March 1, 1942, the Sheriff of Grayson County was severely injured when struck by a rock. He died from those injuries on March 4, 1942. According to the evidence, the rock was thrown by Kiper during an altercation with some other men, which fight the Sheriff was trying to prevent. A warrant was issued on March 2, 1942, and on that same day Kiper and others were arrested in Louisville, Kentucky. They were returned to Leitchfield, Kentucky the following day.

About April 1, 1942, the court appointed Carl H. Boone and Roy Graves, practicing attorneys, to represent Kiper at his trial. On April 7, 1942, the grand jury of Grayson County indicted Kiper and others for murder. On that same day Kiper was represented by these two lawyers when they waived formal arraignment and entered a plea of not guilty. On a motion for bail made by counsel for Kiper the court set a hearing for April 15, 1942. Two days before that hearing one of his attorneys filed a petition for a change of venue and filed affidavits of witnesses in support of that motion. The court passed consideration of that motion to April 15, 1942, on which day the Commonwealth filed a response. After hearing argument of counsel for the Commonwealth and Kiper the court overruled both motions and the case was assigned to April 22, 1942, for trial. On the trial date counsel for Kiper and the other defendants moved for a separate trial which motion was sustained. They then

announced that they were not ready and moved the court for continuance, which motion was accompanied by two supporting affidavits. The Commonwealth filed counter-affidavits. Witnesses were sworn and after hearing the motion was overruled and defendant excepted to the ruling.

Counsel for Kiper then participated in the selection of a jury which took the entire day of April 22, 1942.

The next day the trial continued, but not until J. H. Goranflo was sworn as "Special stenographic reporter to take stenographic notes of the evidence and proceedings upon the trial." It is appropriate, we believe, to note at this time that Mr. Goranflo was a respected court reporter with extensive experience in reporting criminal cases. The trial continued throughout all of that day and the next day. Among the many principal witnesses for the Commonwealth were Preston Cannon, the new Sheriff and his deputy, Corbit Givens. During each adjournment the jury was properly admonished and without objection it was placed in charge of Sheriff Cannon and his deputies who were sworn as required by law.

The jury found Kiper guilty of wilful murder and fixed his punishment at confinement in the state penitentiary for life. No motion for a new trial was made and no appeal was filed.

After serving eight years of the sentence Kiper was paroled. In 1961 on a different offense he was charged with manslaughter, pled guilty and was given a sentence of five years at the LaGrange Reformatory. He served 45 months, after which his parole on the 1942 conviction for wilful murder was revoked and he was returned to the state penitentiary at Eddyville, Kentucky where he is now confined.

In November 1965, he filed in the Grayson Circuit Court a motion under RCr 11.42 to vacate the 1942 judgment. He alleged that the trial court was in error in refusing to grant the motion for a change of venue; that the indictment was defective; that he did not have effective assistance of counsel, before, at and immediately after the preliminary hearing; that the trial court was in error in denying the motion for continuance; that he was denied representation of counsel at the time the jury rendered its verdict and that the instructions were inadequate.

The trial court appointed counsel for Kiper to assist him in presenting his claims under RCr 11.42 and after an extensive hearing, including testimony of several witnesses, the motion to vacate the judgment was overruled.

Kiper has appealed from that decision and bases his appeal on three issues, namely:

"I. Whether or not Appellant was denied counsel.

II. Whether or not failure to change venue was denial of due process.

III. Whether or not custody of the jury during trial by the Sheriff who testified against Appellant on behalf of Appellee was a denial of due process."

This motion to vacate the judgment must be tested under the rules announced in Tipton v. Commonwealth, Ky., 376 S.W.2d 290 and repeated in Warner v. Commonwealth, Ky., 385 S.W.2d 62.

The movant here must show:

(a) there was a violation of a constitutional right, or

(b) a lack of jurisdiction, or

(c) such a violation of a statute as to make the judgment void and subject to collateral attack.

We held in Wahl v. Commonwealth of Kentucky, Ky., 396 S.W.2d 774, Cert. den. 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed. 2d 686, that RCr 12.52 provides a remedy to correct certain errors by direct appeal;

that the motion under RCr 11.42 is not a substitute for appeal, and that "it does not permit a review of all the alleged errors surrounding the trial; * * *". Also see Kinmon v. Commonwealth, Ky., 396 S.W.2d 331.

■ We reiterate here the law which we announced in Wahl "that the moving party on a motion under RCr 11.42 undertakes a heavy burden to overcome the regularity of the conviction." There we pointed out and we now repeat that RCr 11.42 "is applicable only in cases where the judgment is so manifestly wrong as to be void or is otherwise subject to collateral attack."

■ From the statement of facts hereinabove set forth it is apparent that there is no merit whatsoever in the claim that appellant was denied counsel. Williams v. Commonwealth, Ky., 405 S.W.2d 17. It is refuted by the record. Ray, Jr. v. Commonwealth, Ky., 398 S.W.2d 504.

■ We next come to the second claim that the refusal to change venue was a denial of due process. We have pointed out that no appeal was taken from the judgment and that this issue is raised for the first time in this proceeding. Since the error claimed was not so substantial as to make the judgment void, it is now too late. Lee v. Commonwealth, Ky., 389 S.W.2d 241. Furthermore, the question of whether or not the venue should be changed addresses itself to the sound discretion of the trial court. Tarrence v. Commonwealth, Ky., 265 S.W.2d 40.

■ We find nothing in the record before us which convinces us that the judg-

ment was "manifestly wrong". Kiper has not fulfilled the obligation to "overcome the regularity" of the trial in this respect or to overcome the presumption that the proceedings were correct. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248.

The third complaint is that the jury was placed in the custody of the Sheriff and his deputies who were material witnesses for the Commonwealth. This occurred on several occasions during the trial and Kiper's counsel had many opportunities to object but failed to do so. No wrongdoing is claimed on the part of the Sheriff, his deputies or any juror.

■ In Carson v. Commonwealth, Ky., 382 S.W.2d 85 we held that it was not error to put a sheriff who was a witness in charge of a jury. However, in the circumstances of the case we are considering the jury should not have been placed in the custody of the Sheriff or his deputies who were material witnesses. We believe that if objections had been made, the very fine trial judge, now deceased, would have sustained the objections. Kiper cannot now complain, certainly in the absence of any claim or proof that there was misbehavior on the part of the Sheriff, his deputies or a juror. King v. Commonwealth, Ky., 387 S.W.2d 582. Also see Baldwin v. Commonwealth, Ky., 406 S.W. 2d 860.

We find nothing in the record before us which convinces us that the judgment was so manifestly wrong as to be void. The trial court was correct in overruling the motion.

The order is affirmed.

All concur.