William R. CONNER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 21, 1968.

———◆———

Wells Overbey, Murray, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

William R. Conner appeals from the order of the trial court denying his motion to vacate judgment under which ·he is pres-ently serving a life sentence for armed robbery. RCr 11.42. This is the second post-conviction effort of this appellant. See Conners v. Commonwealth, Ky., 400 S.W.2d 519, cert. den., Conner v. Wingo, 385 U.S. 1012, 87 S.Ct. 722, 17 L.Ed.2d 549. (The appellant's surname was shown as Conners in the original appeal, whereas it is recorded as Conner in the present one.) The material background facts are recited in the opinion reported in 400 S.W.2d 519 and disclose that the original motion to vacate was denied without an evidentiary hearing. Our opinion in that appeal was rendered March 11, 1966.

On March 7, 1966, the United States Supreme Court handed down its opinion in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. In the Robinson case it was claimed that Robinson lacked mental capacity at the time of his trial. The Supreme Court held that there were sufficient facts shown to create a bona fide doubt of defendant's mental capacity to stand trial. The state court had failed to afford him a hearing on that issue, and the failure of the court to make such inquiry, sua sponte, deprived Robinson of his constitutional right to a fair trial. On the basis of that decision, the present RCr 11.42 proceeding was entertained by the circuit court.

The appellant was afforded an evidentiary hearing touching the issue as to his mental competence to stand trial in October 1962 when he was convicted. The record discloses that appellant was arrested on April 15, 1962, for the offense upon which he now stands convicted. Appellant's past history of mental aberrations was called to the attention of the then presiding judge of the Calloway Circuit Court who entered an order committing him to Western State Hospital at Hopkinsville on April 19, 1962. Appellant remained in that institution until May 19, 1962, when he was remanded to the custody of the Calloway County jailer. There was a showing that appellant attempted suicide in jail while awaiting trial and that he expressed irra-

tional thoughts indicating a persecution complex.

At his trial in October 1962 appellant did not testify, but stared into space as if he were unaware of his surroundings. At that trial Dr. William John Kernoke, Clinical Director of Western State Hospital, testified concerning his examinations of appellant during the latter's stay in the hospital. He related that he considered appellant "sane," although he suffered a personality disorder which did not amount to insanity. The doctor pointed out that the appellant could be potentially dangerous when under the influence of alcohol. When Dr. Kernoke was asked on the original trial about the conduct of appellant as he sat staring into space, the doctor opined that he had observed nothing during the day of the trial which would indicate appellant's insanity.

Court-appointed counsel for appellant made no claim that appellant lacked mental capacity to stand trial at any time before or during the trial. The court-appointed attorney on the original trial testified at the hearing on the motion to vacate. He explained that he had undertaken habeas corpus proceedings in the Calloway County Court, Calloway Circuit Court, and Court of Appeals, all of which had been denied. He related that his frequent contacts with appellant from April 1962 through and after the trial date in October failed to indicate to him any lack of mental capacity preventing appellant's knowing the nature of the proceedings against him or precluding his assisting the attorney in his efforts to defend the case. The same witness said that he had advised appellant that the only possible defense was a plea of insanity at the time of the commission of the crime and suggested to appellant that he should stare vacantly at the ceiling in the presence of the jury in an effort to bolster the claim of insanity. It was testified that appellant's "act" was carried out at all times during the trial while the jury could see him, but was abandoned during such periods of the proceedings when he was out of the immediate presence of the jury.

The trial court had abundant evidence at the hearing from which this appeal stems, supporting his finding that the appellant had mental competence to stand trial in October 1962 when he was tried and convicted.

It is appropriate to observe that appellant's present counsel was court appointed and has exerted commendable professional effort in his behalf.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

OSBORNE, J., not sitting.