John B. Breckinridge, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

**Sherrid WOLFE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

Rehearing Denied Oct. 18, 1968.

MILLIKEN, Judge.

The appellant, Sherrid Wolfe, was convicted in the Fayette Circuit Court in 1954 for murder, was sentenced to twenty-one years in the penitentiary and is now serving that sentence. Prior to his conviction in 1954 he moved for a change of venue because of the alleged untruthful and prejudicial publicity attendant the crime and his trial, was given a full hearing on his motion and the change of venue was denied. Now, fourteen years later, he filed the present motion in the Fayette Circuit Court under RCr 11.42 requesting us to vacate the judgment of his conviction because of the same publicity he invoked for seeking a change of venue before his trial in 1954, and his motion was denied in the Fayette Circuit Court.

The record of the proceedings on the change of venue motion before the petitioner's trial in 1954 shows that "copies of the said newspaper stories are filed

herewith and made a part of this petition as if fully and specifically set out herein * * * and * * * there is now being sold a magazine known as the 'Front Page Detective', that the said magazine has been read intensively and that the newsstands have run out of the June issue of said magazine by reason of the large demand in sales for the same in Fayette County". The petition for change of venue was accompanied by affidavits of two Lexington citizens stating they thought petitioner could not get a fair trial in Fayette County because of the publicity.

Thus it is apparent that the trial court had before it in 1954 the very publicity now invoked to justify setting aside the petitioner's conviction. We do not have the copies of the newspapers filed as exhibits in the 1954 hearing for a change of venue in the record before us, nor do we have the copy of the Front Page Detective, but even if they were still available we doubt that it would be at all possible for us now to evaluate justly their effect on the citizenry of Fayette County in 1954. The record shows the trial court set the motion for a change of venue for a hearing at 2:00 p. m. on June 17, 1954, that a hearing was had at that time when both the Commonwealth and Wolfe were represented by counsel, and the motion for a change of venue was denied. The ruling denying the present motion to set aside the conviction was made by the same judge in the same court fourteen years later without granting the petitioner a hearing.

We do not have here a situation like that in Baldwin v. Commonwealth, 406 S.W.2d 860 (1966), where we concluded that a general assertion or description of undue publicity such as the petitioner's in Baldwin that " * * * the publicity given his apprehension via news media, of radio and the Paducah Sun Democrat * * * it was impossible for him to receive a fair and impartial trial" was sufficient to justify a hearing on his post-conviction motion to set aside his judg-

ment of conviction, because in Baldwin apparently no ruling had ever been had theretofore on the effect of the publicity while in the case at bar the same evidence had been considered on the change of venue motion in 1954 as is offered now to set aside the conviction. There is no charge here that the trial judge acted from improper motives in overruling the change of venue motion in 1954, but rather that he reached the wrong conclusion, which is not an uncommon complaint of litigants when they lose. In fact, Wolfe concedes that all the forms of a fair trial were followed in 1954; he just asserts that the pre-trial publicity kept him from having one.

We thus do not have here the totality of circumstances which warrant a finding of such a probability of unfairness (80 H.L.R. 124 (1967); 62 N.W.L.R. 89 (1967); Ill.Law Forum (1966) p. 1063), as was found by the Supreme Court to exist in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), and Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); and Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959), in all of which pre-trial publicity was only one of the factors considered.

We thank counsel, whom we appointed to represent Wolfe in his appeal to this court, for his earnest and able efforts in behalf of his client, but conclude that relief should not be granted for the reasons indicated. The other reasons urged for setting aside the conviction either are not reviewable in an RCr 11.42 proceeding such as this or were disposed of in Tipton v. Commonwealth, Ky., 398 S.W.2d 493 (1966); Carson v. Commonwealth, Ky., 382 S.W.2d 85, cert. denied, 380 U.S. 938, 85 S.Ct. 949, 11 L.Ed.2d 825.

The judgment is affirmed.

All concur.