James Harris COLLINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1968.

————◆————

James Harris Collins, pro se.

John Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

Appellant, James Harris Collins, was tried before a jury on April 13 and 14, 1964, in the Fayette Circuit Court and the jury fixed his punishment at life imprisonment for armed robbery upon his plea of not guilty. His present RCr 11.42 motion to vacate, which was filed on March 6, 1968, was overruled by the trial court without a hearing and he has appealed.

The appellant urges four grounds for post-conviction relief; the first is that he was denied a fair trial because of prejudicial publicity. The publicity alleged consisted of a single newspaper account publicizing a confession to the armed robbery made by appellant after his arrest. He states that in fact no such confession was made, and the publication prejudiced his cause. It may be observed that the first arrest warrant was issued November 22, 1963 (about two weeks after the offense was committed and the same day President Kennedy was assassinated), indictment was returned January 21, 1964, and trial was held April 13 and 14, 1964.

■ Under these circumstances, it may be stated here as in Wolfe v. Commonwealth, Ky., 431 S.W.2d 859 (decided June 28, 1968; petition for rehearing denied):

"We thus do not have here the totality of circumstances which warrant a finding of such a probability of unfairness (80 H.L.R. 124 (1967); 62 N.W.L.R. 89 (1967); Ill.Law Forum (1966) p. 1063), as was found by the Supreme Court to exist in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965), and Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed. 751 (1961); and Marshall v. United States, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959), in all of which pre-trial publicity was only one of the factors considered."

■ Moreover, this is precisely the type of matter for which voir dire examination of the jury is provided. Under the presumption of regularity attaching to judicial proceedings, it must be presumed the voir dire showed the jury to be free from influence of any isolated pre-trial publicity such as this. Indeed appellant concedes he has no information that any juror read the account.

Baldwin v. Commonwealth, Ky., 406 S.W. 2d 860, 861 (1966), reversed on a procedural ground, is not applicable here because the *facts* on which the claim of undue publicity was based were not before the court there while they are in this case. It is clear the trial court properly rejected appellant's claim of undue publicity because the facts alleged, even if true, were insufficient to sustain such a claim.

■ As for appellant's second ground for relief, his claim of improper separation

of the jury in a capital case, the record contains the written agreement of the Commonwealth's Attorney and counsel for defendant authorizing separation of the jury. The trial order itself also shows the separation was by agreement of the parties. RCr 9.66 provides that the jury in a capital case " * * * may be permitted to separate only by agreement of the parties and with approval of the court." So the separation was proper.

Moreover, even if there had been an improper separation of the jury, it would not constitute a ground for RCr 11.42 relief. Warner v. Commonwealth, Ky., 385 S.W.2d 62, 65 (1964).

■ The record disposes of appellant's third allegation—that he was arraigned without counsel. Appellant appeared in court in custody on February 3, 1964, and was simply given a copy of the indictment at that time. However, he was not arraigned then. The trial order clearly shows he was arraigned and entered a plea of not guilty at his trial on April 13, 1964. In his motion, appellant admits " * * * when his case came on for trial, petitioner (appellant) was represented by counsel in the person of Hon. Bill Reynolds."

Appellant apparently confuses the mere delivery of the indictment on February 3, with the arraignment on April 13. Under Kentucky law, the arraignment is the time the defendant is called upon to plead to the charge. RCr 8.02. As stated above, in this case that occurred when the case came on for trial on April 13, when appellant was represented by counsel. Thus, the record clearly refutes appellant's claim he was without counsel at arraignment.

■■ Moreover, even if appellant were without counsel at his arraignment, that would not constitute a ground for RCr 11.42 relief. In the recent case of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336, 340 (1967), the Court summarized its previous holding for counsel at arraignment very succinctly:

"In Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), it was held that failure to appoint counsel at arraignment deprived the petitioner of due process, notwithstanding the fact that he simply pleaded not guilty at that time, because under Alabama law *certain defenses had to be raised then or be abandoned."* (Emphasis added.)

The court further noted in Mempa that Hamilton and other cases " * * * clearly stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where *substantial rights* of a criminal accused may be affected." (88 S.Ct. at 257, 19 L.Ed.2d at 340.) (Emphasis added.) Analysis of practice under our rules of criminal procedure shows that arraignment is not a critical stage within the meaning of these cases when it is conducted without the presence of counsel. RCr 8.18 provides that certain defenses and objections may be raised only by motion before trial, and that a failure to present such defense constitutes a waiver thereof. However, it further provides that " * * * the court for cause shown may grant relief from the waiver." Similarly, RCr 8.20 provides that the motion raising the defense must be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter. RCr 8.10 provides that the court may permit a plea of guilty to be withdrawn at any time before judgment. Thus, the trial court has discretion to take a change of plea or to permit any defense to be made after arraignment, so arraignment is not a critical stage under our procedure.

■ As to appellant's fourth and last claim that he did not have counsel at the time he was sentenced, we point out that Kentucky is one of the few states in which the jury fixes sentence. In this case, after a trial at which appellant had the assistance of counsel, the jury fixed his punishment at life imprisonment, the statutory minimum for armed robbery at the time of his con-

**666**

viction. KRS 433.140 (prior to 1966 amendment).

■ As stated in Mempa v. Rhay, supra, counsel is required at every stage of a criminal case where a substantial right may be affected. Mempa involved the question of the extent of the right to counsel at deferred sentencing in a proceeding for revocation of probation, and does not apply here. Moreover, as far as the right to appeal is concerned, any loss of that right is otherwise correctable. See Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (February 4, 1966), and Hammershoy v. Commonwealth, Ky., 408 S.W.2d 624 (November 23, 1966). Thus, the absence of counsel at a sentencing proceeding which involves nothing more or less than the formality of the entry of the commitment order does not render the sentence unconstitutionally infirm in the absence of a showing of prejudice. Cf. Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966). It is appropriate to note in that connection that appellant's response to the statement of the attorney for the Commowealth below that the absence of counsel did not result in any prejudice to the case, was " * * * that he is under no legal obligation whatever to make such a showing." Thus, there is no indication of any prejudice. In McIntosh v. Commonwealth, Ky., 368 S.W.2d 331 (1963), we held that the formal pronouncement of sentence is not a critical stage of the trial under our procedure.

■ The jury had fixed appellant's sentence at the minimum permitted by law, motion for new trial filed by counsel had been overruled, and no motion for probation was pending. Thus, there was no occasion for the exercise of any discretion by the court. The bare absence of counsel at formal commitment of appellant to the penitentiary did not deprive him of any substantial right and does not invalidate his conviction.

The judgment denying appellant the relief sought is hereby affirmed.

All concur.