Herbert CLAY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 15, 1970.

Robert Allen Sedler, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

In this RCr 11.42 post-conviction action Herbert Clay seeks to have his murder con-viction vacated because of the prosecution's failure to timely disclose evidence which he contends would have supported his defense. The fatal shooting occurred on a Saturday night across the street from a place referred to as "The Club" and was witnessed by a woman who lived upstairs in a building adjoining "The Club." The victim, Nick Hatmaker, who had drunk considerable whisky, was asleep on the front seat of Clay's automobile when Clay came for it. It was Clay's contention that the gun went off accidentally when he was removing Hatmaker from the car, but the Commonwealth's evidence was to the effect that the shooting was deliberate and occurred after Hatmaker was removed from the automobile.

■ After the prosecution had completed its case in chief and after Clay had testified in his defense, counsel learned of a Kentucky State Police test which had been made available to the prosecution and which disclosed that blood of the same type as the victim's had been found on the front seat of the automobile. Counsel for the accused attempted to get the test into evidence through a State Trooper but the trial court refused to admit it because it apparently concluded a proper foundation had not been laid to justify its admission. No appeal was taken from the judgment of conviction and it is now asserted that Clay's constitutional rights were violated by the failure of the prose-cution to reveal the test to the defense in time for it to be used at the trial. The present appeal is from a judgment on this RCr 11.42 proceeding refusing to vacate the conviction.

Conceding arguendo that it may be a fail-ure of due process sufficient to void a conviction if the prosecution conceals evi-dence material to guilt or innocence which is favorable to an accused (Giles v. Mary-land, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)), when disclosure must be made necessarily

would be in time for it to be of value to the accused. Hamric v. Bailey, 386 F.2d 390 (4th Circuit 1967).

The accused had a remedy by appeal for the consideration of the questions raised here, but he did not appeal. We have consistently held that RCr 11.42 procedure is not a substitute for an appeal and does not permit a review of all trial errors. Harris v. Commonwealth, Ky., 441 S.W.2d 143 (1969); Adams v. Commonwealth, Ky., 424 S.W.2d 849 (1968); Conners v. Commonwealth, Ky., 400 S.W.2d 519 (1966); Kiper v. Commonwealth, Ky., 415 S.W.2d 92 (1967). Consequently, we affirm the judgment denying RCr 11.42 relief.

The judgment is affirmed.

All concur except NEIKIRK, J., not sitting.