Herman **JOHNSON**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1970.

Herman Johnson, pro se.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an RCr 11.42 proceeding in which appellant claimed ineffective assistance of counsel and denial of his right to appeal his original conviction for rape. His motion was denied on the ground that it asserted the same grounds of a prior similar motion which had been denied. Appellant was not given a hearing on the prior motion or the one before us.

With respect to the ground that his counsel's assistance was ineffective, appellant's allegations were insufficient to warrant a hearing. See Hargrove v. Commonwealth, Ky., 396 S.W.2d 75 (1965), and Wahl v. Commonwealth, Ky., 396 S.W.2d 774 (1965).

While as a general rule courts will not entertain successive RCr 11.42 motions (see Hampton v. Commonwealth, Ky., 454 S.W. 2d 672 (1970), under the circumstances shown in this proceeding we believe appellant is entitled to a hearing on his claim that he was denied an appeal from the original judgment of conviction, and the Commonwealth concedes this. After his first RCr 11.42 motion was ruled on, the case of Stinnett v. Commonwealth, Ky., 446 S.W.2d 292 (1969) was decided, wherein we held that the allegation of a denial of

the right to appeal was sufficient to require the granting of a hearing. See also Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (1966), and Conner v. Commonwealth, Ky., 430 S.W.2d 321 (1968).

In our opinion appellant should be given a proper hearing on his claim that he was unjustifiably denied an appeal, and, if the court so finds, the procedure in Hammershoy should be followed.

The judgment is reversed for proceedings consistent with this opinion.

All concur.