**David JONES, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 26, 1965.

William O. Miller, Maysville, for appellant.

Robert Matthews, Atty. Gen., George Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, David Jones, was convicted of a felony under KRS 435.105 and sentenced to five years in prison. He appeals from a denial of his subsequent RCr 11.42 motion to vacate the judgment.

The overruling order was entered on the basis of the record and without a hearing, and although it recites facts and circumstances that did not appear on the face of the record, which we do not think is authorized by the rule, nevertheless the record of the original proceeding is sufficient without the additional ex parte information to negate any right to relief on the grounds stated in the motion. Those grounds are:

1. The movant was granted a preliminary hearing (examining trial) "just eight (8) days after the signing of the warrant, and had counsel only on the morning of the actual hearing, and was without counsel or advice during the time of his incarceration." His argument on this point is not that he was in any way prejudiced by the delay, but that he did not have an adequate opportunity to prepare a defense.

The record discloses that Jones was arrested pursuant to a warrant dated June 19, 1963, and appeared before the Augusta Police Court with counsel on June 26, 1963. He declined to plead or testify, so the court heard evidence by the complaining witnesses, following which Jones was bound

over to the Bracken Circuit Court and his bail bond set at $1,000. This proceeding was stenographically reported and transcribed.

Accepting as true the allegation that Jones had no lawyer until the day of the examining trial, we do not know of any provision or principle under which, even if he had been indigent and demanded counsel (which is not alleged or suggested), the state would have been obliged to furnish him one before that time. He did have two attorneys of his own choice on the day of the examining trial, and they did not see fit to ask a continuance. Under the circumstances there was no denial of rights, nor could there have been any prejudice arising out of the time and manner in which the examining trial was held.

■ 2. The copy of the indictment furnished the movant by the circuit court clerk did not show the names of the witnesses endorsed thereon as directed by RCr 6.08.

The records show that the names of the witnesses actually were endorsed on the indictment. Moreover, RCr 6.08 expressly provides that failure to endorse the names of the witnesses shall not affect the validity or sufficiency of the indictment. In fact, defects in the indictment will not support a collateral attack anyway. Warner v. Commonwealth, Ky., 385 S.W.2d 77 (1964).

■ 3. The movant was not represented by counsel at his arraignment.

Counsel employed by Jones was not present when, two weeks before the trial, he was arraigned. The court thereupon appointed another attorney to represent him at the arraignment, and a plea of not guilty was entered. Thus he was neither deprived of counsel nor prejudiced.

■ 4. On the day of the trial it became necessary for the court to appoint an attorney to defend him, and the attorney, though unprepared, would not heed his entreaties to request a continuance.

According to the ex parte information contained in the order from which the appeal is taken, this allegation is flatly untrue, in that the attorney who conducted the trial in behalf of Jones had been employed by him well in advance of the trial date and was never appointed by the court. The record does not indicate any court appointment of counsel. But even if we assume the allegation to be true, it shows nothing more than a disagreement between Jones and the attorney as to how the case ought to be conducted. It is our opinion that the failure of counsel, even if appointed on the day of trial, to request a continuance at the defendant's insistence, would not of itself support a motion to set aside the conviction on the ground of ineffective assistance of counsel.

■ 5. The trial was not stenographically reported, and the movant was denied an appeal. Though he did not request a reporter or seek to perfect an appeal, he had not been advised of his rights in these respects.

Again, the answer to these allegations is that Jones had counsel, who had knowledge of his rights.

■ In closing, we think it appropriate to observe that the circuit court has extended to this particular appellant more than was required by the law, in that he was furnished a transcript of the record before the filing of his RCr 11.42 motion (which enabled him to embark on this wholly unwarranted fishing expedition) and was furnished counsel to represent him on this appeal. He was not entitled to either. Jones v. Breslin, Ky., 385 S.W.2d 71 (1964); Moore v. Ropke, Ky., 385 S.W.2d 161 (1964); Jennings v. Commonwealth, Ky., 380 S.W.2d 284 (1964); Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965).

Judgment affirmed.