Joe Raymond UWANIWICH, alias
Joe Johnson, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 14, 1965.

Joe Raymond Uwaniwich, pro se.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, Joe Uwaniwich, is serving a life sentence pursuant to an armed robbery conviction in the Pike Circuit Court. The judgment was entered in 1939. This is an RCr 11.42 proceeding in which he appeals from an order overruling his motion to vacate.

The grounds alleged in support of the motion are that Uwaniwich was denied the effective assistance of counsel and that the instructions were improper in failing to authorize a penalty of 21 years. The trial court overruled the motion on the basis of the record, without a hearing. Cf. Oakes v. Gentry, Ky., 380 S.W.2d 237 (1965); Maye v. Commonwealth, Ky., 386 S.W.2d 731, 733 (1965).

On the second point Uwaniwich evidently confuses KRS 433.140 (armed robbery) with KRS 433.150 (armed assault with intent to rob). He was indicted for armed robbery under § 1159a of the Kentucky Statutes, from which KRS 433.140 is taken. The statute then as now prescribed but two alternative punishments, life or death. The 21-year option applied only under § 1160, now KRS 433.150. But in any event, erroneous instructions do not invalidate a conviction. Cf. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

With respect to the question of counsel, the record shows that Uwaniwich pleaded

guilty and two practicing attorneys of the Pike Circuit Court were appointed to represent him. There was no attempt to change the plea as then permitted by Criminal Code of Practice § 174 (and now permitted by RCr 8.10), and Uwaniwich does not now contend that he was not guilty. The Commonwealth elected to put on proof,[1] and according to the record the jury heard arguments by counsel on both sides.

Uwaniwich was indicted at a special term of the grand jury on March 29, 1939, and was arraigned, tried and convicted on the same day. On the face of it, we are constrained to examine the circumstances very carefully. If there were anything else in this record to justify a suspicion that Uwaniwich was railroaded, we would reverse and direct a full hearing. But we do not find it. The very fact that counsel appointed to defend him argued the case to the jury indicates that the representation was more than perfunctory. That the whole thing was done in one day does not necessarily damn it. The administration of justice is supposed to be prompt. More often than not it is criticized because it is not prompt enough. Uwaniwich admitted he was guilty. What good purpose would have been served by delay? In the absence of a motion for a continuance the presumption must be that counsel did not think one was needed. Cf. Maye v. Commonwealth, Ky., 386 S.W.2d 731, 733 (1965); Jones v. Commonwealth, Ky., 388 S.W.2d 601 (decided March 26, 1965).

It seems appropriate to conclude with a reminder that a judicial system exists "not only to exonerate the unjustly accused, but to convict the guilty."[2]

The judgment is affirmed.

---

1. "We have frequently held that, following a plea of guilty, the Commonwealth may introduce evidence to increase the punishment to be inflicted, and the defendant may produce evidence in an effort to mitigate the punishment." Commonwealth v. Howard, Ky., 287 S.W.2d 926, 927 (1956).

2. Editorial, "The Rights of the Guilty." Wall Street Journal, April 26, 1965.