Jimmy **HARGROVE** and Eddy Hargrove, Appellants,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 12, 1965.

Jimmy Hargrove and Eddy Hargrove, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellants seek a reversal of the judgment dismissing without a hearing their motion to vacate judgment pursuant to RCr 11.42.

The only question before this Court involves the sufficiency of appellants' motion to vacate, and we shall be liberal with appellants in determining that question.

■ Their first ground simply states that they were not guilty of the charge for which they were convicted. This Court held in King v. Commonwealth, Ky., 387 S.W.2d 582 (1965), such a claim is ground for no relief whatsoever under RCr 11.42.

■ The second ground attempted to be assigned asserts they were not "advised of" the charge until "after put on trial." Thrown in for good measure under (a) and (b) of the second ground, they allege they were not confronted by the witnesses with their counsel and were denied the right to examining trial. The Commonwealth was not required to read the indictment until the time that they were "put on trial." Of course, they had a right to examine the indictment had they so desired. It was a public record. They were confronted by the witnesses at the time their counsel was present. This is admitted later in appellants' brief. Neither were they entitled to an examining trial. King v. Commonwealth, supra.

■ It is next contended they were convicted on false evidence of Goldie Morris. This was a question for the jury and is not a ground for relief under RCr 11.42. King v. Commonwealth, supra.

■ The next and final ground relied on charges that counsel was appointed for them only five minutes before the trial, and that such late appointment did not give their attorney sufficient time to prepare their defense. There is no allegation a motion was made for continuance or for further time in which to prepare. In Jones v. Commonwealth, Ky., 388 S.W.2d 601, 603 (1965), this Court said:

"It is our opinion that the failure of counsel, even if appointed on the day of trial, to request a continuance at the defendant's insistence, would not of itself support a motion to set aside the conviction on the ground of ineffective assistance of counsel."

See also Uwaniwich v. Commonwealth, Ky., 390 S.W.2d 658 (1965).

The judgment is affirmed.