Sam **COPELAND**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 10, 1965.

C. Terry Earle, Greenville, for appellant.

Robert Matthews, Atty. Gen., Robert D. Preston, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Sam Copeland appeals from an order overruling his motion under RCr 11.42 to vacate a 1946 judgment sentencing him to serve a life term for storehouse breaking and a violation of the habitual criminal act.

In his motion, appellant relied on the following three grounds for relief: (1) failure to give him an examination pursuant to KRS 203.340; (2) hastily forcing him into trial without allowing sufficient time to prepare his case; and (3) failure of the trial court to properly instruct the jury.

The lower court held as a matter of law that grounds one and three were legally insufficient on their face to entitle appellant to a hearing but ordered a hearing on ground two. In so doing, we think the lower court was correct.

■ Before progressing to ground two, it should be said in connection with ground one that KRS 203.340 is a part of Chapter 203 of KRS pertaining to "Custody, Support and Treatment of Incompetents." This section provides for mental examination of persons upon being indicted for the third felony offense, but the statute is not mandatory. Subsection three provides that the Commissioner of Mental Health may decline to make the examination in the event he is short of psychiatrists. RCr 8.06 now controls the procedure in the event there is any question as to the mental capacity of the defendant in a felony case. There is no allegation in appellant's motion that he suffered from insanity to any degree at the time of his trial and conviction.

■ Ground three contains a blanket complaint stating that the trial court did not give "the whole law of the case" and is likewise insufficient to entitle appellant to a hearing. King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

■ We now consider ground two in which appellant charges his constitutional right to have effective assistance of counsel was violated, in that he was forced into trial "five minutes" after counsel was appointed for him, that he could not obtain witnesses in such a short period of time, and that his counsel could not prepare his defense.

Appellant was arraigned on Friday and was tried the following Tuesday. Counsel was not appointed until the day of his trial. Appellant testified during the hearing on his motion to vacate that his attorney had "five" or "ten" minutes in which to confer with him. There was no motion to continue, and appellant testified as follows on the question of continuance: "I asked Mr. Howard (court-appointed counsel) about getting my case put off until the following Friday. I thought that Pryor (a joint defendant) had a good attorney and I would like to know what the results would be in his trial before I went into trial on mine. He informed me that it wouldn't do any good to ask for a continuance, that I would have to be tried * * *." It is not clear whether his counsel meant it would be useless to ask for a continuance, or that a

continuance would be of no avail to appellant. The fact that the court granted a continuance to the codefendant indicates that his attorney meant to advise appellant that a continuance would not improve his chances of acquittal. The codefendant was later convicted.

Campbell Howard, court-appointed attorney for appellant now deceased, was a qualified practicing attorney and member of the Kentucky Bar at the time of the trial. He was between fifty and sixty years of age. It is shown that he practiced criminal law extensively.

The attorney who prosecuted appellant in 1946 has also departed this life. We are, consequently, left with only the word of appellant as to what transpired between appellant and his court-appointed attorney. But, taking appellant's own version, it is not sufficient to justify setting aside a verdict and judgment that have gone unchallenged for nearly twenty years, during which period the only voice that could contradict appellant has been stilled by death. We prefer to engage in the presumption expressed in United States ex rel. Feeley v. Ragen, 7 Cir., 166 F.2d 976, wherein it is said that when the court in good faith appoints a member of the bar in good standing to represent the defendant, the presumption is that such counsel is competent and diligent. Otherwise, he would not be in good standing at the bar or appointed by the court in the first place.

Appellant made no objection to the manner in which his defense was conducted. In fact, appellant did not testify in his own behalf. He prosecuted no appeal from his conviction. The other participants in his trial are gone. At this late hour his feeble cry of inadequacy of counsel will not be heard. Cf. Rice v. Davis, Ky., 366 S.W. 2d 153 (1963); Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95; Uwaniwich v. Commonwealth, Ky., 390 S.W.2d 658 (1965).

The judgment is affirmed.