**William C. FYFFE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

William C. Fyffe, pro se.

Robert Matthews, Atty. Gen., H. N. Mc-Tyeire, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant made motion to vacate the sentence upon which he is now incarcerated at Eddyville. RCr 11.42. The motion was denied without an evidentiary hearing, and appellant prosecutes this appeal seeking a reversal of the order denying the relief sought.

In his motion to vacate the appellant asserted that he had been denied effective assistance of counsel because his court-appointed attorney had been so appointed only an hour and a half before the trial. However, the record before us reflects that the trial court had appointed counsel for appellant some eight days prior to his trial at which he was convicted. The record also reflects that appellant entered a plea of guilty at the original trial, and made no motion for a continuance in order to confer longer with his counsel or obtain witnesses in his behalf. Upon the authority of Hargrove v. Commonwealth, Ky., 396 S.W.2d 75, and the cases cited therein, it is plain that the appellant has not demonstrated any ground for relief under RCr 11.42, as respects his allegation that his attorney was appointed so shortly before trial time.

In his motion to vacate the appellant made a vaporous allegation to the effect that he had been held incommunicado in jail, " * * * and when the sought after information was revealed this petitioner was allowed to communicate." It is patent that such an allegation fails to state any fact entitling the petitioner to an evidentiary hearing. The only inference deducible from the allegation is that appellant was allowed to communicate, albeit belatedly. He does not suggest in what manner his defense was thus prejudiced.

The judgment is affirmed.