**Michael R. HARRISON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

**260**

Michael R. Harrison, pro se.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

On February 28, 1968, appellant in company with two other prisoners, escaped from the Kentucky State Reformatory at LaGrange, Kentucky, where he had been serving a two-year sentence for the crime of operating a motor vehicle without the owner's permission. Shortly after the escape, the prisoners were apprehended and returned to the reformatory where, according to appellant, they were questioned, taken to the dining room and fed, given dry clothing and put in isolation. At the May, 1968, term of the Oldham Circuit Court, appellant, along with the others, was indicted for the offense of escaping custody.

On May 31, 1968, he was taken before the Oldham Circuit Court, advised of his rights to counsel, and advised of the charge against him. Appellant not having counsel, the court appointed Thomas A. Manby, Jr., a regular practicing attorney of the Oldham County Bar to defend him. According to appellant, Mr. Manby took him and his fleet-footed friends to one corner of the courtroom where a conversation was held. Following the conversation, they approached the bench, waived formal arraignment, entered a plea of guilty to the charges and agreed that the court should fix the punishment without the intervention of a jury. The defendant was sentenced to three years' imprisonment and returned to the custody of the guard who transported him back to the institution. Eight days after being returned to the penitentiary, he filed this appeal.

Appellant's primary complaint is that he was denied effective assistance of counsel. He does not deny that he was a prisoner in the LaGrange reformatory; he does not deny that he escaped from the reformatory and he does not deny that he was apprehended after escaping from the reformatory at LaGrange. He makes no pretense of innocence of the crime for which he was convicted, but through some mental process, which is not at all clear, he now believes that because of the case of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, he has been denied his rights by a cruel and merciless society, a tyrannical court and an incompetent lawyer and, therefore, should be set free.

We have examined the record and are of the opinion that Mr. Manby did everything for the defendant that could possibly have been done. At the time he appeared before the Oldham Circuit Court his actions had removed him from the realm where an attorney can be of great help. What he really needed was a miracle. Of course, Mr. Manby could not furnish this

and neither can we. The fact that counsel was appointed a short time before the trial is not grounds for reversal in the absence of a motion for continuance. Hargrove v. Commonwealth, Ky., 396 S.W.2d 75; Uwaniwich v. Commonwealth, Ky., 390 S.W.2d 658; Jones v. Commonwealth, Ky., 388 S.W.2d 601.

Appellant was given the minimum sentence of three years. We are sure that he does not want a new trial for, under the facts of this case, it is impossible to conceive of any way he could better himself.

Judgment affirmed.

All concur.