Carl James **WEDDING**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 11, 1971.

**274**

Carl James Wedding, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant, Carl James Wedding, who is a prisoner in the state penitentiary at Eddyville, Kentucky, moved the Webster Circuit Court to vacate a judgment by which he was sentenced to life imprisonment for the crime of murder. Relief was sought under the post-conviction remedy authorized by RCr 11.42. The petition was denied, hence this appeal. We affirm.

In 1949 Wedding pleaded guilty to the charge. His motion to vacate was not made until June 13, 1970. He alleged only that he " * * * was denied effective assistance of counsel in that he received belated appointment and * * * petitioner was coerced into a guilty plea (that) * * * counsel for the defendant was appointed too late to prepare a defense and petitioner was coerced into a guilty plea as a result." In Copeland v. Commonwealth, Ky., 397 S.W. 2d 59 (1965), we declared that petitioner's complaint of inadequacy of counsel would not be heard when he delayed for 20 years in raising that issue. We said in McKinney v. Commonwealth, Ky., 445 S.W.2d 874 (1969), that the petitioner who had waited 13 years to claim he was coerced into entering a plea of guilty had not met the " * * * heavy burden of proof with respect to the facts on which the relief must rest." Here Wedding alleges no basis for his conclusory statement.

We hold that the meager allegations he made were insufficient to require the circuit court to grant an evidentiary hearing. See Burton v. Commonwealth, Ky., 394 S.W.2d 933 (1965); Harrison v. Commonwealth, Ky., 436 S.W.2d 259 (1969); Brooks v. Commonwealth, Ky., 447 S.W. 2d 614 (1969); United States v. Edwards (DCDC) 152 F.Supp. 179 (1957), affirmed Edwards v. United States, 103 U.S.App. D.C. 152, 256 F.2d 707 (1958), cert. den. 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82; Harris v. Commonwealth, Ky., 456 S.W.2d 690 (1970).

Finding no error judgment is affirmed.

All concur.