RENDERED: SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001554-MR

ERIK TUCKER                                                                 APPELLANT

v.
APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 14-CR-00886-002

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  KRAMER, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Erik Tucker, *pro se*, brings this appeal from a September 10, 2018, order of the Kenton Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion without an evidentiary hearing.  We affirm.

A complete recitation of the facts of this case may be found in the Kentucky Supreme Court's opinion on direct appeal.  *Tucker v. Commonwealth*, No. 2016-SC-000034-MR, 2017 WL 1538280 (Ky. Apr. 27, 2017).  Briefly stated, on August 25, 2014, Tucker was driving his vehicle past Randolph Hughes and

three other individuals, who were all standing on a sidewalk, when Tucker's passenger fired multiple rounds from a handgun, killing Hughes. *Id*. at \*1. "Tucker later confessed to driving the vehicle used in the shooting and to knowing that his passenger . . . intended to shoot Hughes." *Id*.

On October 23, 2014, the Kenton County grand jury indicted Tucker for one count of capital murder. The grand jury later added three counts of first-degree wanton endangerment to Tucker's indictment; these charges were based on the substantial danger presented to the three individuals standing near Hughes when he was shot. After his trial in November 2015, the jury found Tucker guilty on all charges, and the trial court sentenced him to a total of forty-years' imprisonment by Judgment entered December 22, 2015. Tucker pursued his direct appeal to the Kentucky Supreme Court as a matter of right. KY. CONST. §110(2)(b). The Kentucky Supreme Court affirmed his conviction and sentence.

On August 2, 2018, Tucker filed an RCr 11.42 motion to vacate his conviction alleging ineffective assistance of trial counsel. By order entered September 10, 2018, the trial court denied Tucker's RCr 11.42 motion without an evidentiary hearing. Two days after the trial court's denial of relief, Tucker filed a "Motion to Compel Trial Counsel to Produce File and Request to Hold Previously Filed RCr 11.42 in Abeyance until File is Received so Movant can Properly

Supplement his Pro-Se Pleadings." On September 26, 2018, the trial court denied Tucker's second motion as moot. This appeal followed.

To prevail upon a claim of ineffective assistance of trial counsel, Tucker must demonstrate that trial counsel's performance was deficient and that such deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An evidentiary hearing is required only where the allegations are not refuted on the face of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). A motion made pursuant to RCr 11.42 must specifically state the grounds for relief, and mere conclusory allegations of error are insufficient to warrant an evidentiary hearing. *Stanford v. Commonwealth*, 854 S.W.2d 742, 748 (Ky. 1993); *Wedding v. Commonwealth*, 468 S.W.2d 273, 274 (Ky. 1971).

In his verified RCr 11.42 motion and its accompanying memorandum, Tucker alleged his trial counsel was ineffective for her failure to investigate his case in various respects, as well as for her failure to present a defense on the basis of extreme emotional disturbance. Tucker filed his notice of appeal from the trial court's denial of this motion. However, Tucker's brief before this Court ignores the arguments presented in his RCr 11.42 motion. Instead, Tucker now contends that the trial court erroneously dismissed his motion to compel trial counsel to produce his case file and that the trial court erred when the circuit court clerk failed to certify the record properly for this appeal. When an appellant fails to address

arguments to us on appeal, they are considered to be waived. "An appellant's failure to discuss particular errors in his brief is the same as if no brief at all had been filed on those issues." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979); *see also Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 815-16 (Ky. 2004). Accordingly, Tucker's arguments alleging ineffective assistance of counsel under RCr 11.42 are not properly before us, and we will not consider them here.

Proceeding to a review of Tucker's briefed issues, we discern no grounds for relief. First, Tucker asserts the trial court erroneously dismissed his motion to compel his trial counsel to produce his case file so he could adequately prepare his RCr 11.42 motion.[1] The trial court concluded this argument was moot because Tucker's RCr 11.42 motion had been denied two days earlier. Mootness arises when "an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual[.]" *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (citations and internal quotation marks omitted).

Tucker's RCr 11.42 motion had already been considered and rejected by the trial court, and he was not entitled to present a successive motion under the

---

[1] Although this argument was rejected in the trial court's second order and not the order from which Tucker filed his notice of appeal, the Kentucky Supreme Court has instructed us to apply substantial compliance in considering arguments on appeal despite such errors. *See Cassetty v. Commonwealth*, 495 S.W.3d 129, 133 (Ky. 2016) (noting how *Ready v. Jamison*, 705 S.W.2d 479 (Ky. 1986), applied substantial compliance "to a notice of appeal naming the wrong order").

rule.  *Owens v. Commonwealth*, 512 S.W.3d 1, 14 (Ky. App. 2017).  For this reason alone, the trial court correctly determined that an order granting Tucker's motion would be ineffectual, as its stated purpose would be in service of an unauthorized successive collateral attack on the judgment.  It is also worth noting that an appellant may not use RCr 11.42 as a discovery device.  *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012).

Finally, in his second argument, Tucker asserts the trial court erred when the circuit court clerk improperly certified the record for the purpose of this appeal.  We cannot consider this issue on the merits because Tucker fails to identify, and the record does not reveal, when the issue was presented to the trial court for its consideration.  "The Court of Appeals is without authority to review issues not raised in or decided by the trial court."  *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989) (citations omitted).

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Erik Tucker, *Pro Se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky