RENDERED: FEBRUARY 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1526-MR

MICHAEL DUNGAN                               APPELLANT

              APPEAL FROM PULASKI CIRCUIT COURT
v.               HONORABLE DAVID A. TAPP, JUDGE
                   ACTION NO. 15-CR-00018

COMMONWEALTH OF KENTUCKY              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

TAYLOR, JUDGE: Michael Dungan, *pro se*, brings this appeal from a May 15, 2019, order of the Pulaski Circuit Court denying a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion to vacate his sentence of imprisonment. We affirm.

In 2016, Dungan was convicted upon the offenses of third-degree rape, incest, abuse of an adult, and of being a first-degree persistent felony offender. He sexually assaulted his step-daughter, who is wheelchair bound and

intellectually impaired. On May 13, 2016, the circuit court sentenced Dungan to a total of twenty-years' imprisonment.

Dungan filed a direct appeal in the Supreme Court. In *Dungan v. Commonwealth*, No. 2016-SC-000358-MR, 2017 WL 5031354 (Ky. Nov. 2, 2017), the Supreme Court affirmed in part, vacated in part, and remanded. The Supreme Court held that Dungan's conviction of both third-degree rape and abuse of an adult violated the prohibition against double jeopardy. As a remedy, the Supreme Court vacated Dungan's conviction for third-degree rape and remanded for resentencing. As to all other grounds, the Supreme Court affirmed Dungan's conviction. Upon remand, the circuit court resentenced Dungan again to a total of twenty-years' imprisonment by order entered March 12, 2018.

On December 26, 2018, Dungan filed an RCr 11.42 motion to vacate his sentence of imprisonment. Dungan alleged that trial counsel rendered ineffective assistance during trial. By order entered May 15, 2019, the circuit court denied the RCr 11.42 motion without an evidentiary hearing. This appeal follows.

To prevail upon a claim of ineffective assistance of counsel, a defendant must demonstrate that trial counsel's performance was deficient and that such deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice occurs where there is a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been

different. *Strickland*, 466 U.S. at 694. An evidentiary hearing is required only where the allegations are not refuted on the face of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). A motion filed pursuant to RCr 11.42 must specifically state the grounds for relief, and mere conclusory allegations of error are insufficient to warrant an evidentiary hearing. *Stanford v. Commonwealth*, 854 S.W.2d 742, 748 (Ky. 1993); *Wedding v. Commonwealth*, 468 S.W.2d 273, 274 (Ky. 1971).

Dungan contends that trial counsel was ineffective for failing to question jurors during *voir dire* who indicated that they knew some of the witnesses for the Commonwealth. Dungan points out that during *voir dire*, the Commonwealth asked if any potential jurors knew the witnesses for the Commonwealth. According to Dungan, some potential jurors indicated they knew a few of the Commonwealth's witnesses by raising their hands. Dungan claims that trial counsel failed to question these potential jurors as to their familiarity with the Commonwealth's witnesses. By failing to do so, Dungan believes trial counsel rendered ineffective assistance.

Dungan, however, fails to indicate how many potential jurors raised their hands or if any of these potential jurors ultimately sat on the jury. Absent these pivotal facts, we conclude that Dugan has failed to demonstrate that trial counsel's failure to question these potential jurors resulted in prejudicial error.

Dungan next alleges that trial counsel was ineffective for failing to object to the Commonwealth's questioning of the victim, J.M., during trial. Specifically, Dungan maintains that the Commonwealth improperly played a videotaped interview of J.M. with child protective services. Dungan alleges that "for more than thirty (30) minutes [the Commonwealth] would play the interview tape then ask J.M. do you remember saying that, prior to J.M. every [sic] being allowed to deny the allegations; which is improper impeachment." Dungan's Brief at 9. Dungan argues that trial counsel rendered ineffective assistance by failing to object to the Commonwealth's questioning of J.M. though the use of the prior videotaped interview.

In Dungan's direct appeal, the Supreme Court addressed whether "the Commonwealth's method of impeaching J.M. with her prior inconsistent statements to the forensic investigator was improper[.]" *Dungan*, 2017 WL 5031354 at *15. The Supreme Court noted that Dungan's trial counsel objected to the admission of the videotaped interview of J.M. on hearsay grounds. Ultimately, the Supreme Court held that the Commonwealth's impeachment of J.M. with her prior inconsistent statements (videotaped interview) was proper. As trial counsel did object to introduction of the videotaped interview and the Supreme Court held that introduction of such interview was not improper, it is clear that trial counsel's performance was not deficient and this issue was resolved by the Supreme Court.

Dungan also claims that his trial counsel made improper remarks during the opening statement that opened the door to introduction of evidence of prior bad acts by Dungan. Specifically, Dungan cites trial counsel's following statement: "[M]y client from day one has denied that this didn't happen. His story has never changed." Dungan's Brief at 11. Because of trial counsel's statement, Dungan claims the Commonwealth was permitted to introduce certain statements he made in connection to his previous 1993 guilty plea to third-degree rape of J.M. during the Commonwealth's cross-examination of him during trial.[1]

Before trial, the Commonwealth gave notice of its intent to introduce evidence of Dungan's prior guilty plea to third-degree rape of J.M. and of Dungan's 1992 statement admitting to sexually abusing J.M. The circuit court ruled that the Commonwealth could introduce Dungan's statement admitting to sexually abusing J.M. pursuant to Kentucky Rules of Evidence (KRE) 404(b). And, on direct appeal, the Supreme Court determined that admission of Dungan's statement was proper under KRE 404(b). Given that Dungan testified on direct examination about his prior conviction and that Dungan's prior statement admitting to sexually abusing J.M. was properly admitted under KRE 404(b), there is no basis to conclude that counsel rendered ineffective assistance during his opening statement.

---

[1] Michael Dungan testified during the 2016 trial.

Dungan next maintains that trial counsel rendered ineffective assistance for failing to hire an expert witness. Dungan argues that trial counsel should have employed a DNA expert to examine the semen found on J.M.

At trial, Dungan testified that the semen discovered on J.M. was transferred from bed linen where he and his wife had engaged in sexual conduct the preceding night. So, Dungan never claimed the semen belonged to another; thus, a DNA expert was unnecessary. Hence, we are of the opinion that trial counsel did not render deficient performance for failure to hire a DNA expert.

Dungan further maintains that trial counsel was ineffective for not objecting to the Commonwealth's cross-examination of him and to the Commonwealth's closing argument. In particular, Dungan argues:

> **During Cross Examination:** the prosecution began explaining how Appellant was a preditor [sic], how he picked on the defenseless. How Appellant was released from prison and went back to it. . . . about incest. . . . and J.M.'s intellectual disability. That J.M. was in need of protection since 1995, and how this had been a 'tragedy of my time as a prosecutor . . . for failure in this system and getting ready to fix that failure. If she won't be kept from him, we well [sic] keep him from her.'

> **During Closing Arguments:** the prosecution made the following statement, not objected to:

> > 'He's not going to change.['] Something else, I'm going to tell my kids that today their dad had to put [a] girl on [the] stand and she asked me [if] I'm stupid and that hurt me, but that's her everyday and I can't

imagine, I can't imagine that being your everyday. <u>Imagine you are trapped in a body getting progressively worst [sic] and during the time frame in question you are sexually assaulted by someone you're suppose [sic] to trust. He's not going to change</u>.

The prosecution during cross examination and closing arguments gave what amounted to a 'send a message' and also during closing arguments, ask the jury 'imagine you are in a body getting . . . you are sexually assaulted . . .' which amounts to asking the jury to put themselves in the victim's shoes. Both statements [are] irregular and improper which prejudiced Dungan's trial. Defense counsel failed to object to preserve for direct appeal, thus waiving the issues.

Dungan's Brief at 20-21 (citations omitted).

We are not convinced that trial counsel was deficient by failing to object; however, it is beyond cavil that Dungan has failed to demonstrate any prejudicial effect. The evidence at trial overwhelmingly proved Dungan's guilt, and the Commonwealth's above comments were not so inflammatory as to change the outcome of trial.

Dungan lastly argues that trial counsel was ineffective for failing to investigate a witness for Commonwealth, Erin Wolf, and for opening the door to Wolf's testimony that she directly observed Dungan sexually abusing J.M. in the past.[2] Dungan claims that trial counsel failed to adequately investigate Wolf

---

[2] Erin Wolf is J.M.'s sister.

-7-

before trial. According to Dungan, trial counsel erroneously asked Wolf if she had directly observed Dungan sexually abusing J.M. Dungan does not explain how an investigation of Wolf would have changed the outcome of his trial.

We must emphasize that the jury heard overwhelming evidence of Dungan's guilt. An eyewitness testified to observing J.M. in Dungan's bedroom turned toward the bed and to Dungan pulling up his shorts from below his hips when leaving the bedroom. Additionally, Dungan's semen was found on J.M., after she was examined by a sexual assault nurse.

We cannot conclude that counsel's conduct was deficient regarding any of Dungan's allegations. Based on the evidence presented in the record in this appeal, if there was a deficiency, it did not result in prejudice to Dungan. Simply stated, there is no reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. And, by failing to meet the *Strickland* "prejudice prong," there was no necessity for an evidentiary hearing *Haley v. Commonwealth*, 586 S.W.3d 744, 754 (Ky. App. 2019).

In conclusion, we hold that the circuit court properly denied Dungan's RCr 11.42 motion without an evidentiary hearing.

For the foregoing reasons, the order of the Pulaski Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael Dungan, *Pro Se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky