RENDERED: DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0468-MR

BRIAN EDMONDS          APPELLANT

v.      APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MARY M. SHAW, JUDGE
ACTION NO. 12-CR-000097

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING IN PART,
VACATING IN PART, AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Brian Edmonds brings this appeal from a February 20, 2019, opinion and order of the Jefferson Circuit Court denying Edmonds' motions under Kentucky Rules of Criminal Procedure (RCr) 11.42, RCr 10.02, and Kentucky Rules of Civil Procedure (CR) 60.02. We affirm in part, vacate in part, and remand.

On December 10, 2011, Curtis Smith and Deshone Henry were shot and killed outside of Curtis Smith's vehicle in Louisville, Kentucky. The bullets were fired from a single gun, and several calls to 911 indicated that two African-American men were seen fleeing from the crime scene. In a recorded call with his girlfriend, Edmonds admitted to shooting both men because of a disagreement over a drug transaction. DNA evidence from Edmonds was underneath Curtis Smith's fingernails, along with the DNA from an unknown male.

Edmonds was indicted upon two counts of murder and with tampering with physical evidence. The Commonwealth also filed a Notice of Aggravating Circumstances indicating that Edmonds would be eligible for the death penalty. The jury convicted Edmonds upon two counts of murder, but before sentencing, Edmonds entered into a plea agreement with the Commonwealth. Thereunder, Edmonds would forego the right of appeal, and the Commonwealth would recommend a sentence of life imprisonment without parole for 25 years. By judgment entered December 21, 2015, Edmonds was sentenced in accordance with the agreement.

On April 30, 2018, and August 2, 2018, Edmonds filed an RCr 11.42 motion, an RCr 10.02 motion, and a CR 60.02 motion. In these motions, Edmonds advanced three bases for relief. First, Edmonds alleged that in 2018 he discovered Brandon Smith had admitted to killing both Curtis Smith and Deshone Henry.

Unbeknownst to him at the time of trial, Edmonds claimed that trial counsel had subpoenaed Brandon Smith to testify concerning his confession to killing the two men but ultimately failed to call him at trial. Edmonds attached Brandon Smith's affidavit and statement to the motions; therein, Brandon Smith admitted to killing both Curtis Smith and Deshone Henry and admitted he was subpoenaed to testify at trial. Based upon this newly discovered evidence, Edmonds alleged he was entitled to a new trial. Second, Edmonds asserted that trial counsel was ineffective for refusing to permit Edmonds to testify in his own defense during trial, and third, Edmonds maintained trial counsel was ineffective for failing to present evidence of a mental deficiency.

By opinion and order, the circuit court summarily denied Edmonds' motions for relief. To support same, the circuit court reasoned:

> Mr. Edmonds' first argument in his RCr 11.42 motion-that trial counsel was ineffective because they failed to call Mr. [Brandon] Smith-fails because the record reflects that counsel made a tactical decision not to call him as a witness. Outside the presence of the jury trial counsel informed the Court Mr. Edmonds would put on no proof. Further, counsel stated they had Mr. [Brandon] Smith transported to Jefferson County "out of an abundance of caution" but that they did not "need" him. This statement creates a strong inference that trial counsel deliberated about whether to call Mr. [Brandon] Smith, a convicted felon who would be wearing a prison jumpsuit and subject to cross-examination by a skilled prosecutor, and decided he would not further Mr. Edmonds' defense. Indeed, [Brandon] Smith's testimony would have placed Mr. Edmonds at the crime scene and

raised several questions about his involvement given the physical evidence linking him to the shootings, not to mention his statement to his girlfriend that he was the shooter and acted alone. It is clear from the record that trial counsel made a reasoned strategic decision not to [c]all Mr. [Brandon] Smith as a witness.

Mr. Edmonds' second argument-that trial counsel denied him his right to testify-fails because (1) he waived his right to testify and (2) it is insufficiently plead [sic]. "The right to testify is personal to the defendant, may be relinquished only by the defendant, and the defendant's relinquishment of the right must be knowing and intentional. The defense counsel's role is to advise the defendant whether or not the defendant should take the stand, but it is for the defendant, ultimately, to decide." "Generally, a trial court does not need to address the voluntariness of a defendant's waiver *sua sponte* unless there are statements or actions from the defendant indicating disagreement with counsel or the desire to testify." . . . .

The record reflects that Mr. Edmonds knew he had a right to testify (and the right to remain silent) because trial counsel discussed these rights during voir dire. Further, as noted above, he said nothing when trial counsel told the Court he would present no proof, and there was no indication that Mr. Edmonds desired to testify or had a disagreement with counsel about the matter. Accordingly, he waived his right to testify, and such a waiver forecloses the possibility of raising the issue in a motion under RCr 11.42.

Turning to sufficiency of Mr. Edmonds' pleading, RCr 11.42 requires movants to file briefs that include factual support and sound rational [sic] instead of vague statements that the trial's outcome would have been different had counsel done things differently. . . .

In his brief, Mr. Edmonds states the following about the testimony he would have provided if allowed to testify:

> [He would] advance and support his [alternative perpetrator] defense and explain the context of the statement he made after being arrested.
>
> . . .
>
> It was Edmonds [sic] desire to have Brandon Smith testify to the fact that he shot and killed the victims and then follow up his testimony with his own to put before the jury a comprehensive picture of the circumstances surrounding the murders, his presence at the crime scene and the statement he made after he was arrested.

These statements provide only a vague explanation of the strategy Mr. Edmonds states he wanted to implement during his trial; he does not provide facts as to what his testimony would have been or how they would have influenced the jury. . . .

> The same rational [sic] applies for Mr. Edmonds' argument that trial counsel failed to present evidence of a mental deficiency that could mitigate his culpability, provide context for his actions, and prevent him from understanding the implications of his sentencing agreement. Mr. Edmonds alludes to suffering a mental condition at the time of the shooting, but provides no evidence of such. The Court granted him leave to supplement his brief on May 22, 2018; the record reflects he has not acted upon this opportunity, and his motion remains insufficiently plead [sic].
>
> . . . .
>
> Mr. Edmonds' CR 60.02 motion relies upon subsections (d)-fraud affecting the proceedings-and (f)-a

-5-

reason of extraordinary nature. However, Mr. Edmonds' brief exclusively addresses the purported new evidence in Brandon Smith's affidavit and statement. Accordingly, Subsection (d) is inapplicable because Mr. Edmonds did not address fraud in his brief, and trial counsel's decision not to call a witness does not amount to fraud affecting the proceedings as understood in the relevant case law. Subsection (f) is unavailable because subsection (b) addresses newly discovered evidence. A motion under CR 60.02(b) is time barred at this juncture, which could explain utilizing the other subsections.

A motion for a new trial on the grounds of newly discovered evidence under RCr 10.02 and 10.06 is not time barred if the movant can show good cause for filing the motion after the one-year limitations period. Related to the issue of good cause is the disclosure of facts relating to the movant's attempt to discover the putative newly discovered evidence, which is at the heart of the Court's concern about Mr. Edmonds' motion: "a motion for new trial on the ground of newly discovered evidence will not be considered unless the defendant files his own affidavit showing [reasonable] diligence in attempting to discover the new evidence before the first trial." This applies to trial counsel and the defendant: "On the question of newly discovered evidence it is necessary that the diligence of both be shown." Mr. Edmonds did not file the requisite affidavit, so his motion must be denied. Nevertheless, the Court will evaluate whether he exercised reasonable diligence based upon his briefs and accompanying exhibits.

Mr. Edmonds' briefs assert that the contents of Mr. [Brandon] Smith's affidavit and statement are the newly discovered evidence. To this end, Mr. Edmonds avers that he did not know Mr. [Brandon] Smith told trial counsel that he shot the victims and would testify accordingly. In the absence of the requisite affidavit and taking Mr. [Brandon] Smith's affidavit and statement as true, there are only two conclusions that can be drawn:

-6-

either (1) Mr. Edmonds did, in fact, know about Mr. [Brandon] Smith's confession and offer to testify before trial or (2) he simply failed to ask counsel about their investigation of his claim that Mr. [Brandon] Smith was the shooter. Either action cannot amount to good cause under the rule for filing a motion for a new trial on grounds of newly discovered evidence outside the prescribed time limit because the prior scenario does not entail newly discovered evidence and the latter involves insufficient diligence. Accordingly, the motion under RCr 10.02 and 10.06 must be dismissed.

February 20, 2019, opinion and order at 4-9 (footnotes and citations omitted). This appeal follows.

Edmonds initially contends that the circuit court erred by denying his CR 60.02 and RCr 10.02 motions. Edmonds asserts that Brandon Smith's confession to murdering the victims constitutes newly discovered evidence that Edmonds was not aware of at the time of trial. Edmonds maintains that Brandon Smith's confession demonstrates Edmonds' actual innocence of the murders. Edmonds believes he is entitled to a new trial under CR 60.02(f) and RCr 10.02 based upon newly discovered evidence.

We begin by setting forth relevant portions of Brandon Smith's affidavit:

**<u>AFFIDAVIT</u>**

I, Brandon L. Smith, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief: In 2015 I offered to testify on behalf of Brian D. Edmonds, that it was not him who

killed Curtis Smith and Deshawn [sic] Henry on December 10, 2011.

In 2015 representatives I assumed were for Mr. Edmonds came to Green River Correctional Complex, in which time I told them that it was me that killed the two victims, they told me they would return, they never came back but I was brought to court by Mr. Edmonds attorney to testify to the details enclosed in my hand written (statement attached to this affidavit) which state the details of the incident the night of Dec. 10, 2011. I awaited to testify in Mr. Edmonds trial but his attorney's [sic] would later tell me that they no longer needed me to testify in behalf of Mr. Edmonds.

I swear that the statement attached to this affidavit is true and that I am not being coerced in any matter.

The following statement by Brandon Smith was attached to the affidavit:

I Brandon L. Smith am writing this letter on my own will, neither am I under any influence of drugs or alcohol. On the date of December 10, 2011[,] at approximate[l]y 7:57 pm committed the double murder of Deshawn [sic] Henry and Curtis Smith. I Brandon Smith was over [at] the house of a [sic] ex-girlfriend when I seen [sic] a white pontiac pull up that I assumed was a buyer of crack cocaine. I Brandon L. Smith approach [sic] the passenger side to make a crack cocaine sell, when I opened the door I seen [sic] Brian D. Edmonds in the car with the victims. I Brandon L. Smith asked Brian D. Edmonds if I could talk to him for a second, after I noticed the victims were the ones that robbed me and stripped me naked days before. I had been notified via Facebook that Brian D. Edmonds had been hanging w/the victims but he continuo[u]sly lied to me, which left me in a state of rage and feeling of betrayal by a person I considered family. Brian D. Edmonds get [sic] out [of] the car and I Brandon L. Smith begun [sic] to shoot the driver Curtis Smith.

Deshawn [sic] Henry proceed [sic] to hurriedly get out the passenger seat and I fired shots thinking he was armed, striking him in the head. I Brandon L. Smith then went around to the drivers seat and pulled Curtis Smith out and checked his pockets for my five thousand they robbed me for days before. After which Brian D. Edmonds asked me what I was doing, I told him I felt he was playing both sides of fence, so you with them. I attempted to raise the gun Brian D. Edmonds grabbed it and I tried to fire the gun but it clicked, cause there was no more bullets in the gun. He let go of the gun [and] I struck him a few times then he fled, but Brian D. Edmonds is not responsibile [sic] for my actions.

Under CR 60.02(f), the "court may, upon such terms as are just, relieve a party . . . from its final judgment . . . upon . . . any other reason of an extraordinary nature justifying relief." To prevail upon a claim of newly discovered evidence, the evidence must be "of such decisive value or force that it would, with reasonable certainty, have changed the verdict or that it would probably change the result." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (quoting *Jennings v. Commonwealth*, 380 S.W.2d 284, 285-86 (Ky. 1964)). Evidence is considered newly discovered only if it "could not have been obtained at the time of trial through the exercise of reasonable diligence." *Foley*, 425 S.W.3d at 887 (quoting *Commonwealth v. Harris*, 250 S.W.3d 637, 642 (Ky. 2008)).

And, a motion for new trial under RCr 10.02 permits a defendant to seek "a new trial for any cause which prevented the defendant from having a fair

trial, or if required in the interest of justice." The discovery of new evidence may constitute a ground of relief. RCr 10.06(1); *St. Clair v. Commonwealth*, 451 S.W.3d 597, 616 (Ky. 2014). However, such newly discovered evidence must have been "undiscoverable" at the time of trial. *Commonwealth v. Carneal*, 274 S.W.3d 420, 432 (Ky. 2008). The motion must be accompanied by an affidavit by the defendant and by his counsel showing they exercised sufficient diligence in an attempt to discover the evidence before trial. We review the circuit court's decision as to a CR 60.02 motion or an RCr 10.02 motion for abuse of discretion. *Foley*, 425 S.W.3d at 886; *Bedingfield v. Commonwealth*, 260 S.W.3d 805, 810 (Ky. 2008).

According to Brandon Smith's affidavit and statement, it is patently clear that Edmonds knew that Brandon Smith shot both victims, as he allegedly witnessed the same. Additionally, Edmonds alleged that Brandon Smith was subpoenaed by trial counsel to testify at trial as to shooting the victims; consequently, it is, likewise, clear that trial counsel knew of Brandon Smith's alleged role in the murders. From these two facts alone, it is axiomatic that Brandon Smith's affidavit and statement do not qualify as newly discovered evidence under CR 60.02(f) or under RCr 10.02. *See Foley*, 425 S.W.3d at 887; *Carneal*, 274 S.W.3d at 432. At the time of trial, Edmonds and trial counsel knew of Brandon Smith and of his alleged culpability for the murders. Thus, we

-10-

conclude the circuit court did not abuse its discretion by denying Edmonds' CR 60.02(f) and RCr 10.02 motions.

Edmonds next asserts that trial counsel rendered ineffective assistance at trial. In particular, Edmonds maintains that trial counsel was ineffective for failing to call Brandon Smith as a witness and for failing to allow Edmonds to testify in his own defense at trial. Edmonds states that "defense representatives interviewed Brandon Smith and, based on what he told them, trial counsel obtained an order of personal appearance for his presence for trial[.]" Edmonds Brief at 11-12. Edmonds maintains that trial counsel erroneously failed to call Brandon Smith as a witness and failed to "put on any other proof for the defense." Edmonds Brief at 12. Edmonds argues that Brandon Smith's confession to the murders would have been pivotal evidence during trial. Additionally, Edmonds maintains that he wanted to testify in his own defense at trial, but trial counsel erroneously would not permit him to do so.

To prevail upon a claim of ineffective assistance of counsel, Edmonds must demonstrate that counsel's performance was deficient and that such deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trial counsel's performance is considered deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" or his "representation fell below an objective standard

of reasonableness." *Commonwealth v. McKee*, 486 S.W.3d 861, 867 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687-88). And, prejudice occurs where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *McKee*, 486 S.W.3d at 867 (quoting *Strickland*, 466 U.S. at 694). A motion made pursuant to RCr 11.42 must specifically state the grounds for relief and the facts to support those grounds. *Stanford v. Commonwealth*, 854 S.W.2d 742 (Ky. 1993). An RCr 11.42 motion is properly denied without an evidentiary hearing if the allegations raised are conclusively refuted upon the face of the record. *Fuston v. Commonwealth*, 217 S.W.3d 892, 895 (Ky. App. 2007).

At trial, counsel's defense theory centered upon Edmonds' innocence and an alternate perpetrator. However, trial counsel offered no proof in support of such defense theory at trial. In Brandon Smith's affidavit and accompanying statement, he confessed to shooting both victims and explained that the victims had previously taken $5,000 from him. Brandon Smith averred that he was at his girlfriend's home when a motor vehicle pulled up. Brandon Smith stated he believed the occupants wanted to buy crack cocaine; however, when he approached the vehicle, Brandon Smith recognized the three occupants. According to Brandon Smith, two of the occupants (the victims) had previously stolen $5,000

from him and left him naked. Brandon Smith averred that he shot both victims and then tried to shoot Edmonds, but the gun was out of bullets. Brandon Smith maintained that he and Edmonds briefly fought and Edmonds then ran away from the crime scene.

It is beyond cavil that Brandon Smith's statements would have constituted crucial evidence for Edmonds' defense. Brandon Smith apparently would have confessed to the murders and would have also explained Edmonds' presence at the crime scene. Based on these factors, we cannot justify trial counsel's failure to call Brandon Smith as a witness at trial under the guise of trial strategy. Clearly, Edmonds' allegations are not refuted on the face of the record. For these reasons, the circuit court erred by not conducting an evidentiary hearing to determine whether trial counsel rendered ineffective assistance for failing to call Brandon Smith as a witness at trial.

As to Edmonds' remaining contention concerning counsel's failure to call him as a witness in his own defense, Edmonds fails to state what his testimony would have been at trial. Mere conclusory allegations of ineffective assistance of trial counsel are insufficient to support relief under RCr 11.42. *Wedding v. Commonwealth*, 468 S.W.2d 273, 274 (Ky. 1971).

Accordingly, we vacate in part and remand for the circuit court to conduct an evidentiary hearing to determine if trial counsel rendered ineffective

-13-

assistance by failing to call Brandon Smith as a witness at trial.  We view all other contentions of error to be without merit.

For the foregoing reasons, we affirm in part, vacate in part, and remand for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Maureen Sullivan
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky