RENDERED:  NOVEMBER 9, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0295-MR

BASS WEBB										APPELLANT

APPEAL FROM MONTGOMERY CIRCUIT COURT
v.			HONORABLE DAVID A. BARBER, JUDGE
ACTION NO. 10-CR-00062

COMMONWEALTH OF KENTUCKY								APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND JONES, JUDGES.

ACREE, JUDGE:  Appellant, Bass Webb, appeals the Montgomery Circuit Court's Order denying his RCr[1] 11.42 motion.  In denying this motion, the circuit court did not conduct a hearing, which Webb believes to be error.  We disagree and affirm.

---

[1] Kentucky Rules of Criminal Procedure.

In late 2003, Sabrina Vaughn died. Years later, Jonathan French and others admitted they assisted Webb – Vaughn's then-paramour and French's cousin – in burying her body. In April 2017, a jury convicted Webb of murdering Vaughn. *See Webb v. Commonwealth*, No. 2017-SC-000327-MR, 2018 WL 4628508, at *1 (Ky. Sep. 27, 2018). On direct appeal, the Kentucky Supreme Court affirmed the conviction. *Id.*[2]

Three years later, on October 18, 2021, Webb filed a RCr 11.42[3] motion. It was just days before finality of his judgment of conviction that would cut off his right to do so. RCr 11.42(10)(a). In that motion, Webb argued Jonathan French – a key witness to the Commonwealth's case against him – perjured himself on the stand, and the Commonwealth failed to correct the perjured testimony. The allegation of perjury centered on whether the Commonwealth had given French a deal in exchange for his testimony against Webb.

Perjured testimony is not a basis for collaterally attacking a jury verdict in an RCr 11.42 proceeding. *Fields v. Commonwealth*, 408 S.W.2d 638, 639 (Ky. 1966). In *Fields*, as here, "The main ground . . . sought [for] relief was

_____

[2] The Supreme Court summarizes the key facts of the murder and Webb's conviction in *Webb v. Commonwealth*, No. 2017-SC-000327-MR, 2018 WL 4628508, at *1-2 (Ky. Sep. 27, 2018).

[3] Pursuant to RCr 11.42(1): "A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it."

that he was convicted on perjured testimony. . . . The asserted ground is not one on which relief is available under RCr 11.42." *Id.* The rule pronounced in *Fields* was reaffirmed in *Hendrickson v. Commonwealth*, 450 S.W.2d 234 (Ky. 1970). *See also Bell v. Commonwealth*, 395 S.W.2d 784, 785 (Ky. 1965) (Even if a trial witness "will now testify that he made a false statement . . . [this] is not a ground for relief under RCr 11.42.").

More recently, in the context of a charge of prosecutorial misconduct, our highest court held, "False or perjured testimony is not a ground for relief under RCr 11.42." *Stopher v. Commonwealth*, No. 2005-SC-0371-MR, 2006 WL 3386641, at *5 (Ky. Nov. 22, 2006) (citing *Hargrove v. Commonwealth*, 396 S.W.2d 75 (Ky. 1965) and *Fields v. Commonwealth*, 408 S.W.2d 638 (Ky. 1966)). Although unpublished, *Stopher* is the most recent, final word and thoughtful opinion of the highest court of the Commonwealth on this point of law and should stand with other reasoned precedent notwithstanding its nonpublished status.

Accordingly, we affirm.


ALL CONCUR.

BRIEF FOR APPELLANT:

David L. Stewart
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky